**Ex parte Thomas Franklin REED.**

**No. 14–10–00532–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 7, 2011.

M. Elizabeth Foley, Galveston, for appellant.

Robert M. Moore, Galveston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

The Galveston County Criminal District Attorney's Office appeals the trial court's judgment expunging the arrest records of Thomas Franklin Reed. The issue we must decide is whether Reed was entitled to expunction at the time of his petition. Though the underlying offense was dismissed with prejudice, we conclude that the expunction statute strictly required Reed to wait until the running of limitations. Because Reed's petition was premature, we reverse and render judgment denying the expunction request.

On April 22, 2009, Reed was arrested and charged with the misdemeanor offense of criminal mischief. *See* Tex. Penal Code Ann. § 28.03 (West 2010). On November 20, 2009, the prosecutor filed a motion with the criminal district court to dismiss the charge without prejudice. The trial court granted the motion, but added a handwritten notation in the order dismissing the charge "with prejudice."

On the same day as the dismissal, Reed petitioned the civil district court to expunge the record of arrest, pursuant to article 55.01 of the Texas Code of Criminal Procedure. In pertinent part, Article 55.01 states the following:

A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . . an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested

or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and (i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02.

Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i) (West 2010). The statute of limitations for a misdemeanor runs two years from the date of the offense. *Id.* art. 12.02.

The trial court granted Reed's motion to expunge on March 5, 2010, explicitly stating in its order that Reed met all of the requirements under Article 55.01 except for the limitations provision in Subsection (i). However, because the criminal mischief charge had been dismissed with prejudice, the court reasoned that Subsection (i) was "irrelevant, as the case could not be prosecuted again now, or at any time in the future." The District Attorney's Office timely appealed.

In its first issue, the District Attorney's Office argues that the evidence during the expunction hearing is factually insufficient to show that the prosecutor consented to a dismissal "with prejudice." In its second issue, the District Attorney's Office argues that the trial court exceeded its authority in declaring a statutory requirement irrelevant. We consider only the second issue, as it fully disposes of the case.

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no pet.). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The trial court may also abuse its discretion if it fails to analyze or apply the law correctly. *In re Columbia Med. Ctr.*, 306 S.W.3d 246, 248 (Tex.2010) (orig. proceeding) (per curiam).

Expunction is neither a constitutional nor common law right, but a statutory privilege. *Ex parte S.C.*, 305 S.W.3d 258, 260 (Tex.App.-Houston [14th Dist.] 2009, no pet.). Where a cause of action is created by statute, all of its provisions are mandatory and exclusive, requiring strict compliance for the action to be sustained. *Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex.App.-Houston [14th Dist.] 1997, no pet.). The trial court has no power to extend equitable relief beyond the clear meaning of Article 55.01. *See J.H.J.*, 274 S.W.3d at 806. Although the expunction statute is situated in the Code of Criminal Procedure, an expunction proceeding is civil in nature, and the petitioner carries the burden of proving that all statutory conditions have been met. *Harris Cnty. Dist. Attorney's Office v. M.G.G.*, 866 S.W.2d 796, 798 (Tex.App.-Houston [14th Dist.] 1993, no pet.).

The question we must determine is whether Reed satisfied his burden of showing that "the limitations period expired before the date on which a petition for expunction was filed." Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i). The parties offer differing interpretations as to what that provision requires. The District Attorney's Office contends under the plain meaning of the statute that Reed was required to wait until April 23, 2011, at the earliest, before he could seek an expunction.[1] By contrast, Reed argues that ex-

---

1. The District Attorney's Office argues that if tolling provisions are applied, the date could be later. *See State v. Taylor*, 266 S.W.3d 553 (Tex.App.-Tyler 2008, no pet.). We do not

punction was warranted on the day of the petition because the limitations period expired as soon as the State was barred from presenting an indictment or information in the underlying offense. We agree with the District Attorney's Office.

When interpreting a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex.2007). Where the statutory text is clear, we presume that the words chosen are the surest guide to legislative intent. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex.2010). Thus, we construe the statute according to its plain and common meaning, unless the legislature's contrary intention is apparent from the context or such a construction would lead to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008); *CHCA W. Houston, L.P. v. Priester*, 324 S.W.3d 835, 838 (Tex.App.-Houston [14th Dist.] 2010, no pet.). Moreover, we presume that the legislature intended a just and reasonable result by enacting the statute. Tex. Gov't Code Ann. § 311.021(3).

The legislature has not explicitly defined how a limitations period expires under Subsection (i). The terminology, however, is unambiguous. As a component part of the State's larger authority to prosecute, the "limitations period" encompasses only the amount of time afforded to present an indictment or information. *See Ex parte Goodman*, 152 S.W.3d 67, 71–72 (Tex. Crim.App.2004) (holding that the State may retry a defendant for a different offense, provided the statute of limitations has not run and double jeopardy has not attached). Applying this understanding to the ordinary meaning of "expire," we conclude that, for purposes of Subsection (i), a limitations period can only expire upon the lapsing of time. *See* Webster's Third New International Dictionary 801 (Philip Babcock Gove ed., 1993) (defining "expire" to mean "a: to reach a close (as of a period of time) . . . b: to become void through the passage of time"). The statute in its current form does not indicate that the legislature ever intended for the limitations requirement to be supplanted upon the occurrence of some other factor such as a dismissal with prejudice.

We recognize that the limitations requirement may needlessly burden those, such as Reed, who are actually protected from prosecution. *See State v. Beam*, 226 S.W.3d 392, 394 (Tex.2007) ("The State asserts that the Legislature added [Subsection (i) ] so that courts would not order expungement of all records and files relating to a person's arrest if that person were still subject to prosecution for a crime arising out of the transaction for which the person was arrested."). Nevertheless, where the statute is clear, we are bound by its terms and may not rewrite its provisions through judicial interpretation. Had the legislature intended to allow for expedited expunctions in cases involving dismissals with prejudice, it was more than capable of clearly articulating that intent. *See* Tex.Code Crim. Proc. Ann. art. 55.01(c) (barring the expunction of records where a person is acquitted for an offense and still "remains subject to prosecution" for at least one other offense committed during the same criminal episode).

■ As an alternative argument, Reed has also suggested that expunction was warranted under a separate provision, which states that a person is entitled to expunction "if the person is tried for the offense for which the person is arrested and is acquitted by the trial court." Tex. Code Crim. Proc. Ann. art. 55.01(a)(1)(A).

decide whether a tolling provision should apply in this expunction.

Reed contends he qualifies for expunction on this basis because a dismissal with prejudice is tantamount to an acquittal on the merits. *See Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991) (per curiam). Reed's argument is unavailing; he was neither "tried for the offense" nor "acquitted by the trial court." The dismissal of a charge involves a completely separate procedure, a distinction patently drawn on the face of the statute. *Compare* Tex.Code Crim. Proc. Ann. art. 55.01(a)(1) (conditioning expunction upon the petitioner's acquittal), *with id.* art. 55.01(a)(2) (conditioning expunction upon the dismissal or quashing of the indictment or information).

Even though he is no longer subject to prosecution on the underlying offense, we conclude that the statute, as written, requires Reed to wait until the running of limitations. Because his petition was filed well before that mark, the trial court abused its discretion in granting the expunction. We therefore reverse and render judgment denying Reed's expunction request.