

# NUMBERS 13-11-00173-CV; 13-11-00174-CV; 13-11-00175-CV & 13-11-00176-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TRACE BRITTON ADAMS,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

**On appeal from the 24th, 135th, and 267th District Courts
of Calhoun County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

By a single issue in each cause, appellant Trace Britton Adams maintains the trial

court erred by denying his petition for expunction of his arrest record.[1]  *See* TEX. CODE

---

[1] Although appellant has not filed a motion to consolidate these appeals, we issue a single opinion

CRIM. PROC. ANN. arts. 55.01–02 (West Supp. 2010).[2]   On the day the petitions were filed, the trial court dismissed each petition prior to service of citation, concluding that appellant was ineligible for expunction as a matter of law and that appellant failed to comply with chapter 14 of the Texas Civil Practice and Remedies Code.   *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002).   As modified herein, we affirm the trial court's order of dismissal in each cause.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 2011, appellant filed four petitions for expunction of records. Appellant was an inmate in the Texas Department of Criminal Justice at the time the petitions were filed.[3]   Although the expunction petitions were not verified, each petition

herein disposing of all four appeals in the interest of judicial economy.

[2] Effective September 1, 2011, the Legislature has revised the expunction statute, article 55.01 of the Texas Code of Criminal Procedure.   *See* TEX. CODE CRIM. PROC. art. 55.01 (West 2011). The Code Construction Act applies to the revised statute and provides that a statute is presumed to be prospective in its operation unless expressly made retrospective.   *See* TEX. GOV'T. CODE ANN. §§ 311.002(2); 311.022 (West 2005); *Cash Am. Int'l. Inc. v. Bennett*, 35 S.W.3d 12, 17 n.3 (Tex. 2000) (refusing to apply an amendment to the Finance Code retrospectively because the Legislature did not expressly make the amendment retrospective); *Ex parte Torres*, 943 S.W.2d 469, 473 n.5 (Tex. Crim. App. 1997) (concluding the Code Construction Act applies to the Code of Criminal Procedure to the extent the latter has been amended or reenacted by the 60th or a subsequent legislature).   There is no language in the enabling legislation of the revised expunction statute that expressly makes the new law applicable to cases that are pending on appeal on the effective date of the new law.   *See* Act of May 29, 2011, 82nd Leg., R.S. Ch. 690 (H.B. 351), § 7.

In pertinent part, the revised statute appears to provide a right to expunction regardless of whether limitations has expired, but only if other factual conditions are satisfied.   *See* TEX. CODE CRIM. PROC. art. 55.01(a)(2)(A). We note the petitions/records before this Court in all three of the causes except cause 13-11-00175-CV are insufficient to allow a full review of the expunction petitions under the revised statute. *See id.*   In all four causes, we have reviewed the propriety of the trial court's rulings under the law in effect at the time the expunction petitions were filed and the trial court ruled.   As an intermediate appellate court, we lack the authority to reverse an errorless judgment and remand a case for further development of the record.   *See* TEX. R. APP. P. 43.2; *Chrisman v. Brown*, 246 S.W.3d 102, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.).   We also note that in cause 13-11-00175-CV, wherein the statute of limitations expired prior to Adams filing his expunction petition, the revisions to the expunction statute do not appear outcome determinative in any way. *See* TEX. CODE CRIM. PROC. art. 55.01(a)(2)(B).

[3] Appellant was convicted in trial court cause number 2009-8-6946 and sentenced to serve eleven years.   This conviction, however, did not precede the arrest date in any of the causes at issue herein.   *See*

was accompanied with an unsworn declaration executed under penalty of perjury.

In cause number 13-11-00173-CV, appellant filed a petition for expunction of records pertaining to his arrest for the offense of bail jumping and failure to appear, a third degree felony. *See* TEX. PENAL CODE ANN. § 38.10(a), (f) (West 2006). The alleged offense occurred "October 29, 2009 and/or November 23, 2009." No indictment or information was presented in the case, and the matter was declined for prosecution. The three-year statute of limitations for the offense had not expired as of February 3, 2011, the date appellant filed his expunction petition. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West Supp. 2010).

In cause number 13-11-00174-CV, appellant filed a petition for expunction of records pertaining to his arrest for the offense of possession of a controlled substance, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2003). The alleged offense occurred February 14, 2008. He was indicted for the offense on April 17, 2008, but the indictment was dismissed on February 5, 2010. The three-year statute of limitations for the offense had not expired as of February 3, 2011, the date appellant filed his expunction petition.[4] *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West Supp. 2010).

In cause number 13-11-00175-CV, appellant filed a petition for expunction of records pertaining to his arrest for the offense of interference with public duties, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 38.15(a), (b) (West Supp. 2007). The alleged offense occurred February 14, 2008. No indictment or information was

---

TEX. CODE CRIM. PROC. ANN. art 55.01(a)(2)(C) (West Supp. 2010).

[4] We note that the time during the pendency of an indictment shall not be computed in the period of limitation. *Id. at* art. 12.05(b) (West 2005).

presented in the case, and the matter was declined for prosecution. The two-year statute of limitations for the offense expired before February 3, 2011, the date appellant filed his expunction petition. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (West 2005).

In cause number 13-11-00176-CV, appellant filed a petition for expunction of records pertaining to his arrest for the offense of possession of less than two ounces of marihuana, a Class B misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a),(b)(1) (West 2003). The alleged offense occurred February 3, 2009. No indictment or information was presented in the case, and the matter was declined for prosecution. The two-year statute of limitations for the offense had not expired as of February 3, 2011, the date appellant filed his expunction petition. *See* TEX. CODE CRIM. PROC. ANN. arts. 12.02(a); 12.04 (West 2005).

## II. STANDARD OF REVIEW

Chapter 14 of the Texas Civil Practice and Remedies Code governs with respect to expunction petitions made by an inmate who files an unsworn declaration of inability to pay court costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2002); *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (applying Chapter 14 to inmate litigation); *Randle v. Galveston County Dist. Clerk*, No. 01-09-00748-CV, 2010 WL 5060603, at *2 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.) (mem. op.) (applying Chapter 14 to inmate's expunction petition). Under Chapter 14, a trial court may dismiss an inmate's lawsuit that is malicious or frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). To determine whether a lawsuit is malicious or frivolous, a court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

4

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b). When a lawsuit is dismissed as frivolous for having no basis in law, and no fact hearing was held, we focus on whether the inmate's lawsuit has an arguable basis in law, which we review de novo. *See Newby v. Hurley*, No. 13-08-016-CV, 2008 WL 3868338, *1 (Tex. App.—Corpus Christi, Aug. 21, 2008, no pet.); *Scott v. Gallagher,* 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, pet. denied) (mem. op.). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Minix v. Gonzales,* 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In conducting our de novo review, we take as true the allegations of the inmate's petition. *Scott,* 209 S.W.3d at 266. In other words, we review the inmate's petition to determine whether, as a matter of law, it states a cause of action that would authorize relief. *Id.* at 266–67. A court may not dismiss an inmate's lawsuit simply because it thinks the inmate's allegations are "unlikely." *Id.* at 267.

### III. ANALYSIS

The State argues that each petition for expunction was subject to dismissal because it was not verified. *See* TEX. CODE CRIM. PROC. art. 55.02 § 2(a) (requiring expunction petition filed under article 55.01(a) to be verified). However, the record shows each petition was accompanied by an unsworn declaration executed under penalty of perjury in substantial compliance with section 132.002 of the Texas Civil

Practice and Remedies Code.   *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 132.002, .003. (West 2005 & Supp. 2009).   Because an inmate's unsworn declaration may be used in lieu of a statutorily-required verification, we reject the State's argument.   *See id.* § 132.001 (West Supp. 2009).

### A.   Claims For Which Limitations Had Not Expired

Expunction is neither a constitutional nor common law right, but a statutory privilege.   *State v. Echeverry*, 267 S.W.3d 423, 425 (Tex. App.—Corpus Christi 2008, pet. denied); *Ex parte Reed*, 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.).   Because the right to expunction is created by statute, all provisions of the expunction statute are mandatory and exclusive, requiring strict compliance for the action to be sustained.   *Ex parte Reed*, 343 S.W.3d at 308.

Article 55.01 of the Texas Code of Criminal Procedure provides a limited right to expunction of arrest records after the limitations period expires in cases which do not involve an acquittal, post-conviction pardon, or completion of an authorized pre-trial intervention program.   *See* TEX. CODE CRIM. PROC. ANN. art 55.01(a).   Specifically, article 55.01(a)(2) states, in relevant part:

> (a)   A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2)   **each** of the following conditions exist:
>
> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the

6

indictment or information has been dismissed or quashed, **and:**

*(i) the limitations period expired before the date on which a
petition for expunction was filed under Article 55.02 . . . .*

*Id.* § 55.01(a)(2)(A)(i) (emphasis added). The "limitations period" is the statute of limitations for the offense alleged in the expunction petition. *Ex parte Reed*, 343 S.W.3d at 309. The statute of limitations must have expired prior to the filing of the expunction petition, or expunction is not proper. *Id.* at 310.

In cause numbers 13-11-00173-CV, 13-11-00174-CV, and 13-11-00176-CV, appellant filed his expunction petitions before the limitations periods for the respective offenses had expired. Therefore, those petitions were premature and could not be supported by an arguable basis in law at the time they were filed. *See State v. Beam*, 226 S.W.3d 392, 395 (Tex. 2007); *Ex parte Reed*, 343 S.W.3d at 309–10. Accordingly, the trial court did not err in dismissing appellant's expunction petitions in these causes as frivolous under Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b); *see also Randle*, 2010 WL 5060603 at *2. We overrule appellant's sole issues in cause nos. 13-11-00173-CV, 13-11-00174-CV, and 13-11-00176-CV.

**B. Claim For Which Limitations Had Expired**

In cause number 13-11-00175-CV, appellant filed his petition for expunction after the statute of limitations for this offense had expired. No indictment or information was presented concerning this offense. Therefore, appellant satisfied the expunction statute for this cause, and it should not have been dismissed for lack of an arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b).

7

Section 14.004 of the Texas Civil Practice and Remedies Code, however, requires an inmate who files an unsworn declaration of inability to pay costs to also file an affidavit of previous filings with his petition. *See id.* §14.004. The affidavit of previous filings must be sworn or accompanied by an unsworn declaration. *See id.* § 14.004(a),(b). Appellant did not file the required affidavit with any of his expunction petitions.

We review a trial court's dismissal of a case for noncompliance with section 14.004 under an abuse-of-discretion standard. *See Thomas v. Skinner*, 54 S.W.3d 845, 846 (Tex. App.—Corpus Christi 2001, pet. denied); *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [14th Dist. 2000, pet. denied). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without preference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). The trial court may also abuse its discretion if it fails to analyze or apply the law correctly. *Ex parte Reed*, 343 S.W.3d at 308 (citing *In re Columbia Med. Ctr.,* 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam)).

The purpose of section 14.004 is to curb duplicative, constant inmate litigation. *See Hickman*, 35 S.W.3d at 123 (discussing the purpose of section 14.004); *Clark*, 23 S.W.3d at 421 (same). A trial court may dismiss an inmate's case for noncompliance with section 14.004. *See Clark*, 23 S.W.3d at 422.

In cause number 13-11-00175-CV, appellant did not file an affidavit relating to previous filings with his expunction petition.[5] One month after the trial court dismissed

---

[5] In cause numbers 13-11-00173-CV, 13-11-00174-CV, and 13-11-00176-CV, appellant also failed to file the required affidavit relating to previous filings with his expunction petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. In each of those causes, as in cause number 13-11-00175-CV, one month after the trial court dismissed the expunction petition, appellant filed an "Affidavit of Previous Filings" that was neither sworn nor accompanied by an unsworn declaration. As such, we further hold the trial court did not

his expunction petition, appellant filed an "Affidavit of Previous Filings" that was neither sworn nor accompanied by an unsworn declaration. Appellant apparently intended this untimely filing to cure his failure to file the affidavit with his petition for expunction. Under the facts presented, we hold the trial court did not abuse its discretion in dismissing appellant's petition for noncompliance with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §14.004.

In cause number 13-11-00175-CV, we sustain appellant's sole issue on appeal to the extent it concerns dismissal of his expunction petition "as a matter of law" and declares him "ineligible for an expunction" under section 14.003. *See id.* We otherwise overrule his issue as he failed to timely file the required affidavit of previous filings.

## C. The Trial Court's Dismissal "with Prejudice"

In all four causes, the trial court dismissed the expunction petitions with prejudice. A dismissal with prejudice constitutes adjudication on the merits and operates as if the case had been fully tried and decided. *Hickman*, 35 S.W.3d at 125. Orders dismissing cases with prejudice have a res judicata and collateral estoppel effect, thereby barring subsequent relitigation of the same causes of action or issues between the same parties. *Id.* When an appellate court reviews whether a trial court erred in dismissing an inmate's lawsuit, it should consider whether the suit was dismissed with prejudice and, if so, determine whether the inmate's error could be remedied. *Id.*

A petition for expunction under article 55.01(a)(2)(A)(i) may be re-filed after the period of limitations expires. *See Ex Parte Reed*, 343 S.W.3d at 310 (denying expunction request; inmate is required to wait until limitations expires); *Tex. Dep't. of*

---

abuse its discretion by dismissing these causes for noncompliance with section 14.004.

*Public Safety v. A.N.P.*, No. 09-09-00032-CV, 2009 WL 2617234, *3 (Tex. App.—Beaumont Aug. 27, 2009, no pet.) (vacating expunction order without prejudice to refiling after limitations for offense expires).   A dismissal under section 14.004 of the Texas Civil Practice and Remedies Code should not be with prejudice if the error can be cured in a future filing.   *See Thomas*, 54 S.W.3d at 847.   We hold the trial court erred in each cause by ordering the dismissal "with prejudice."

## IV.   CONCLUSION

In cause numbers 13-11-00173-CV, 13-11-00174-CV, 13-11-00175-CV, and 13-11-00176-CV, we modify the trial court's orders of dismissal to delete the words "with prejudice."   In cause number 13-11-00175-CV, we also delete the trial court's finding that "as a matter of law," appellant is "ineligible for an expunction."   As modified, we affirm the trial court's order of dismissal in each cause.

Gregory T. Perkes
Justice

Delivered and filed the
13th day of October, 2011.

10