**Affirmed and Opinion filed August 27, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00930-CV

## EX PARTE BRETT SCOTT

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-62041**

## OPINION

In this appeal from an order denying a petition for expunction, the question is whether a person may have his arrest record expunged if the only basis for the person's arrest is that he was apprehended in Texas as a fugitive from another state. We hold that Texas law does not currently allow for such relief. Because the trial court reached the same conclusion, we affirm the order denying the petition for expunction.

## BACKGROUND

Appellant pleaded guilty to a felony assault charge in the state of California, where he received a suspended sentence of three years' probation. With the

permission of California authorities, appellant was allowed to relocate to the state of Texas and complete his probation here. The transfer placed appellant under the supervision of Texas law enforcement officials and the Interstate Commission for Adult Offender Supervision.

At some point after appellant's relocation to Texas, California authorities received information that appellant had violated the terms of his probation. A California court issued a warrant for appellant's arrest, which was abstracted and faxed to the Houston Police Department. The fax requested appellant's extradition to California. The fax did not indicate how appellant had violated the terms of his probation, nor did it suggest that he had committed a new offense while in Texas.

Upon his arrest in Houston, appellant was brought before a magistrate and presented with an offer to waive his right to a formal extradition proceeding. When appellant refused to waive that right, he was booked into the Harris County Jail. The Harris County District Attorney's Office subsequently moved to dismiss the extradition proceeding because appellant's case was transferred to the Interstate Commission for new processing.

Several months after the transfer, appellant reached an agreement with the state of California regarding his pending extradition. The agreement included a partial dismissal of the underlying felony charge. A California court ordered that appellant's guilty plea be withdrawn and that a plea of not guilty be entered in its stead. The order released appellant of all penalties and disabilities resulting from his former conviction, with certain limited exceptions. One of the exceptions provided that appellant's conviction would remain "a part of the court file which can be viewed by the public."

Appellant then filed a petition in Texas to expunge the record of his fugitive arrest. The Harris County District Attorney's Office opposed the expunction for

several reasons, one of which was that the arrest did not qualify as a type of arrest that was subject to expunction. The trial court denied appellant's petition after concluding that the expunction statute was not "on point." This appeal followed.

## ANALYSIS

Article 55.01 of the Texas Code of Criminal Procedure governs the expunction of criminal records. Although this statute is organized under a criminal code, an expunction proceeding is actually civil in nature. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The petitioner accordingly bears the burden of proving that all statutory requirements have been met. *See Harris Cnty. Dist. Att'ys Office v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). Because an expunction is a statutory privilege rather than a constitutional or common law right, the statutory requirements are mandatory and exclusive. *See Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The trial court has no power to extend equitable relief beyond the clear meaning of the expunction statute. *See Ex parte Reed*, 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Article 55.01 sets forth many requirements before a petitioner may be entitled to relief. As a threshold matter, the statute provides that it may only be used to expunge records of a "custodial or noncustodial arrest for commission of either a felony or misdemeanor." *See* Tex. Code Crim. Proc. art. 55.01(a). Appellant contends that his fugitive arrest falls within the scope of this language, but the District Attorney's Office disagrees. Because this disagreement concerns the scope of a statute, which is a question of law, we apply a de novo standard of review. *See Ex parte S.C.*, 305 S.W.3d 258, 262 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

3

Appellant argues that his fugitive arrest amounts to an arrest for the commission of a felony because the arrest "was directly related to a felony prosecution in California." This argument lacks merit. Article 55.01 does not authorize the expunction of an arrest record simply because the arrest is "related to" the commission of an offense. Instead, the statute provides a strict requirement that the arrest must have been "for" the commission of an offense. *See* Tex. Code Crim. Proc. art. 55.01(a). We must give effect to the plain meaning of this text. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

Here, appellant produced no evidence that he was actually arrested for the commission of an offense. Rather, the evidence established that appellant was arrested pursuant to an interstate compact regarding the extradition of fugitives. *See id.* art. 51.13.

Case law makes clear that a fugitive arrest for extradition purposes is not akin to an arrest effectuated under the Texas Penal Code for the commission of either a felony or misdemeanor. *See Ex parte Clubb*, 447 S.W.2d 185, 187 (Tex. Crim. App. 1969). During the extradition process, two states are involved: the demanding state that requests the arrest, and the asylum state that makes the arrest. The role of the asylum state is essentially administrative. *See Michigan v. Doran*, 439 U.S. 282, 288 (1978) (indicating that interstate extradition should be a "summary" process). After making the arrest, the asylum state may only consider such limited matters as whether the extradition documents are valid on their face and whether the arrestee is the same person named in the request. *See Lott v. State*, 864 S.W.2d 152, 153 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd, untimely filed). The asylum state is not concerned with more substantive matters such as the guilt or innocence of the arrestee or the presence of probable cause because those

4

are issues to be resolved by the courts of the demanding state. *See Ex parte Flores*, 548 S.W.2d 31, 32 (Tex. Crim. App. 1977); *Rentz v. State*, 833 S.W.2d 278, 280 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

Because Texas is the asylum state in this case, it would have no basis for prosecuting appellant in Texas for the commission of either a felony or misdemeanor, absent a showing that he committed an offense while he was here. As stated above, there has been no such showing. Appellant could not be prosecuted simply for being a fugitive as there is no penal statute establishing such an offense.

In an alternative argument, appellant claims that the record of his fugitive arrest should be expunged because "the manner of his arrest and subsequent detention were in all other aspects like any ordinary arrest for a felony or misdemeanor crime committed in Texas." This argument is also unpersuasive. Under a plain reading of Article 55.01, it is the type of arrest that qualifies a person's entitlement to relief, not the manner in which the person was processed.

We hold that Article 55.01, as currently written, does not permit the expunction of a fugitive arrest record. It permits only the expunction of an arrest record when the arrest was made for the commission of either a felony or misdemeanor. Because the evidence is undisputed that appellant was not arrested for the commission of either a felony or misdemeanor, the trial court did not err when it concluded that appellant was not entitled to relief under Article 55.01.

## CONCLUSION

The trial court's order denying the petition for expunction is affirmed.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Brown, and Wise.