

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00166-CR
_____

EX PARTE NORMAN JOSEPH LANDRY

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 21-8789-158

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Norman Joseph Landry has been held in the Denton County Jail since his September 28, 2021 arrest pursuant to a Rhode Island extradition request on domestic-violence charges, including unlawful breaking and entering, intimidation of witnesses and victims of crimes, violations of a no-contact order, and unlawful possession of a firearm. On October 12, Landry applied for a writ of habeas corpus, requesting the trial court to deny the State's request for extradition because the paperwork supplied by the State in support of extradition had not been properly authenticated. Alternatively, he asked the trial court to set bail in a reasonable amount pending his extradition. After a hearing, the trial court denied the requested relief, and Landry now appeals. Because the 90-day deadline for the State to produce a governor's warrant has not passed and because the denial of bail was within the trial court's discretion, we affirm the trial court's order.

## II. DISCUSSION

### A. EXTRADITION PROCEEDINGS IN TEXAS

Two states are involved in an extradition proceeding such as this: the demanding state requesting the arrest (Rhode Island) and the asylum state making the arrest (Texas). *See Ex parte Scott*, 476 S.W.3d 93, 95 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The asylum state plays an essentially administrative role in the process. *Id.* (citing *Michigan v. Doran*, 439 U.S. 282, 288, 99 S. Ct. 530, 535 (1978)). In this habeas appeal,

2

we will review the trial court's carrying out of that role for an abuse of discretion. *See Ex parte Wall*, Nos. 02-11-00326-CR, 02-11-00517-CR, 2012 WL 5869595, at *4 (Tex. App.—Fort Worth Nov. 21, 2012, no pet.) (mem. op., not designated for publication).

After a suspected fugitive's arrest in Texas, he is brought before a magistrate whose task is limited to determining whether the accused is charged in another State with the offense named in the complaint. Tex. Code Crim. Proc. Ann. art. 51.05; *see also Scott*, 476 S.W.3d at 95. Whether to set bail is a matter left to the discretion of the trial court; the magistrate "may commit the defendant to jail to await a requisition from the Governor of the State from which he fled." Tex. Code Crim. Proc. Ann. art. 51.05, art. 51.13, § 16. Texas is a "90-day State," meaning that the accused cannot be held longer than 90 days without a governor's requisition warrant. *Id.* art. 51.05, art. 51.13, § 17.

## B. FACTS AND APPLICATION OF LAW

At the October 18 habeas hearing, Landry's counsel contested whether the paperwork supplied in support of extradition—namely, five warrants purportedly issued by a Rhode Island superior court—had been properly authenticated.[1] The trial

---

[1] To the extent that Landry argued that there was no proof that any of the charges were felonies and therefore appropriate for extradition, we take judicial notice on our own motion that unlawful breaking and entering is a felony offense under Rhode Island law. R.I. Gen. Laws §§ 11-1-2 (defining a felony as any offense which may be punished by a prison sentence of one year or more), 11-8-2 (setting the range of punishment for breaking and entering at two to ten years). *See generally*, Tex. R. Evid. 201(b), (c)(1); *Office*

court asserted that during an October 8 hearing it had already made the determination that Landry was the accused fugitive sought by Rhode Island for extradition on the domestic-violence charges presented in the warrants. Landry did not dispute the trial court's statement of having made such a determination on October 8; his counsel merely asserted that he was not appointed to represent Landry until October 11.

Landry's application for habeas relief relied on law that is only applicable once the governor has granted extradition; it was clearly established in this case that the governor has not yet done so. The State correctly argued that it had a 90-day window in which to produce the governor's extradition warrant and that 90-day window has not yet closed.[2] *See id.* art. 51.05, art. 51.13, § 17. And to the extent that Landry challenged the Rhode Island warrants as not "even worth the paper [they were] written on," the validity of underlying supporting documents for extradition is not an issue for the asylum court to decide. *See Rayburn v. State*, 748 S.W.2d 285, 288–89 (Tex. App.—Tyler 1988, no pet.).

---

*of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994) (providing that appellate court may take judicial notice for the first time on appeal).

[2]At a November 10 hearing, the State explained that it was awaiting a response from the Texas Governor's office. The trial court granted the State a second 30-day extension and set a follow-up hearing for December 8.

For these reasons and based on the record before us, we cannot conclude that the trial court abused its discretion by denying Landry's request to deny extradition on the basis of the validity of the supporting documents.

As for his request for bail, it was based solely on his complaint that a governor's warrant had not yet been issued. As we have stated, the 90-day deadline for filing the governor's warrant has not passed and the setting of bail pending extradition is subject to the trial court's discretion. *See* Tex. Code Crim. Proc. Ann. art. 51.05, art. 51.13, § 16. On this record, we cannot conclude that the trial court abused its discretion by denying the request for bail.

## III. CONCLUSION

Having held that the trial court did not abuse its discretion by declining to deny the request for extradition or to set bail, we affirm the trial court's order denying the application for habeas corpus relief.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 16, 2021

5