**Affirmed in Part, Reversed and Remanded in Part, and Opinion filed February 8, 2022.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-20-00184-CV

## EX PARTE R.J.F.

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 19-CV-1789**

## OPINION

Appellant R.J.F. appeals the trial court's denial of his expunction request in regard to his 2007 arrest for possession of a controlled substance in penalty group one. In a single issue, appellant argues that the trial court erred when it denied his request because he satisfied all the requirements under Texas Code of Criminal Procedure Article 55.01(a)(2)(B). *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). We reverse the trial court's order in part, affirm in part, and remand to the trial court to grant appellant's petition for expunction as to his 2007 arrest for possession of a controlled substance in penalty group one and render an

expunction order in regard to the records for this arrest.

## I. BACKGROUND

On May 29, 2007, appellant was arrested for possession of less than one gram of a controlled substance penalty group one (cocaine)—a state jail felony—in addition to possession with intent to deliver drug paraphernalia—a class-A misdemeanor. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(b), 481.125(b), (e). Appellant pleaded nolo contendere to the charge of possession with intent to deliver drug paraphernalia, and the State subsequently dismissed the possession charge, stating in the dismissal motion the reason as "The Defendant was convicted in another case."

In September 2019, appellant filed a petition for expunction of records relating to his May 2007 arrest as well as an unrelated arrest in 2013. In his live petition, appellant stated that: the possession of a controlled substance charge was dismissed on or about September 11, 2007; appellant was released and the charge did not result in a final conviction, is no longer pending, and there was no court-ordered community supervision under Chapter 42A for the offense; and the limitations period for the offense has expired. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B).

In October 2019, the Galveston County District Attorney filed an answer, stating it agreed with expunging the records related to the 2013 arrest; however, it opposed the expunction of records related to the 2007 arrest.

In December 2019, appellee Texas Department of Public Safety ("DPS") filed an answer. DPS did not address the 2013 arrest, but it joined the Galveston County District Attorney in opposing appellant's expunction request of the 2007 arrest.

2

On February 3, 2020, a hearing was held by the trial court on appellant's expunction petition. At the hearing, appellant argued that there were two separate arrests for the charge of possession of a controlled substance and the charge for possession of paraphernalia and that he qualified for expunction under article 55.01(a)(2)(B) of the Code of Criminal Procedure for the possession of a controlled substance charge. *See id.* Appellant offered and the trial court admitted into evidence the following exhibits pertaining to his 2007 arrest: the peace officer's request for magistrate's probable cause findings, the statutory warnings by the magistrate, and the personal bond application. The State disputed appellant's argument that there were two arrests and instead argued that according to the relevant documents, both offenses were alleged to have occurred on the same date: May 29, 2007.

The trial court granted expunction regarding the 2013 arrest but denied expunction pertaining to the 2007 arrest. Appellant filed a timely appeal.

## II.    ANALYSIS

In his sole issue on appeal, appellant argues that the trial court erred in denying his petition request regarding the 2007 arrest. More specifically, appellant argues that evidence showed that the possession charge did not result in a final conviction, it is no longer pending, it did not result in court-ordered community supervision, and prosecution of the offense is no longer possible because the imitations period has expired. *See id.*

### A.    Standard of Review

A trial court's ruling on a petition for expunction is reviewed for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Under the abuse of discretion standard, appellate courts afford no deference to the trial court's legal

determinations because a court has no discretion in deciding what the law is or in applying it to the facts. *See id*; *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Thus, a trial court's legal conclusions are reviewed de novo. *T.S.N.*, 547 S.W.3d at 620; *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

Here, the trial court's ruling on expunction hinged on a question of law because it required an interpretation of article 55.01; therefore, we review the trial court's ruling de novo. *T.S.N.*, 547 S.W.3d at 620; *Ex parte N.B.J.*, 552 S.W.3d 376, 380 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## B.    Applicable Law

Expunction is a statutory remedy governed by Article 55.01 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020); *Ex parte Scott*, 476 S.W.3d 93, 94–95 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Even though this statute is contained in a criminal code, an expunction proceeding is civil in nature. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The petitioner accordingly bears the burden of proving that all statutory requirements have been met. *See Harris Cnty. Dist. Att'ys Office v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). Also, because an expunction is a statutory privilege rather than a constitutional or common law right, the statutory requirements are mandatory and exclusive. *See Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The trial court has no power to extend equitable relief beyond the clear meaning of the expunction statute. *See Ex parte Reed*, 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

A person is not entitled to expunction until all of the statutory conditions are

met. *See T.S.N.*, 547 S.W.3d at 620; *J.H.J.*, 274 S.W.3d at 806. Appellant sought expunction of his 2007 arrest pursuant to subsection (a)(2)(B) of article 55.01, which provides:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
> >
> > . . .
> >
> > > (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B).

## C.    Analysis

We have previously concluded that Article 55.01(a)(2)(B) is not arrest-based, "at least when the charges are unrelated." *N.B.J.*, 552 S.W.3d at 384. We have previously analyzed the history of article 55.01 and courts' interpretation of it. *See Tex. Dep't of Pub. Safety v. T.R.W.*, No. 14-17-00572-CV, 2019 WL 3724707, at *5 (Tex. App.—Houston [14th Dist.] Aug. 8, 2019, no pet.) (mem. op.).

Since then, however, the Texas Supreme Court has revisited the "offense-based" versus "arrest-based" entitlement to an expunction set forth in article 55.01. *Ex parte R.P.G.P.*, 623 S.W.3d 313, 326 (Tex. 2021). The petitioner in *R.P.G.P.* was arrested and charged with two offenses arising out of the same criminal episode: misdemeanor DWI and misdemeanor possession of a controlled

substance. *Id.* at 315–16. The DWI charge was dismissed after a successful pretrial intervention program, while the possession charge was dismissed after he pleaded no contest and served nine months of deferred adjudication probation. *Id.* at 316. The petitioner then sought to expunge the DWI arrest records pursuant to Article 55.01(a)(2)(A). *Id.* The court observed that "[o]ur courts of appeals are not aligned in their approach to expunction of arrest records involving multiple offenses." *Id.* at 317.

The Texas Supreme Court concluded that the current proviso in Article 55.01(a)(2) links an arrest to a single offense. *Id.* at 322–23 ("The use of 'the' in referring to 'the charge' and 'the offense' indicates the Legislature, as with Article 55.01(a)(1), intended to tie an arrest to a single offense under Article 55.01(a)(2)."); *see* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (providing that a person is entitled to an expunction if "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor . . . ."). The court noted that "the prior version of Article 55.01(a)(2) implied that eligibility for expunction required that the petitioner did not serve community supervision for *all* the offenses comprising an arrest." *R.P.G.P.*, 623 S.W.3d at 323. Therefore, the supreme court concluded that the current language in Article 55.01(a)(2) is offense-based, not arrest-based.[1]

---

[1] We note that, in summarizing its conclusion in *R.P.G.P.*, the Supreme Court stated that "subarticles (a)(2) and (a)(2)(A) of Article 55.01 of the Texas Code of Criminal Procedure are offense-based provisions with regard to misdemeanors but arrest-based with respect to felonies." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 325 (Tex. 2021). However, earlier in the opinion, the court analyzed the statutory language and concluded that the prerequisites to expunction in article 55.01(a)(2) are offense-based. *Id.* at 322–23 ("The alteration from 'any' to 'the' indicates the Legislature's intent to change, or at least clarify, that arrests are tied to single offenses for purposes of satisfying the requirements in (a)(2)."). The court expounded on this idea by contrasting the language of (a)(2) with the provisos of (a)(2)(A); the court concluded that the language of (a)(2)(A) "demonstrates that an offense-based interpretation applies to

*See id.* at 322–23. Furthermore, after analyzing the statutory language under Article 55.01(a)(2)(A), the supreme court held that misdemeanor offenses are eligible for expunction on an individual basis under Article 55.01(a)(2)(A). *R.P.G.P.*, 623 S.W.3d at 315, 322–26; *see* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A).

### 2.    Present Case

Appellant argues that he is entitled to expunction in the present case because he proved that the felony charge for possession of a controlled substance was dismissed, there was no community supervision served for that offense, and the statute of limitations has expired. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). The DPS argues that to be qualified for expunction under subsection (a)(2)(B), a petitioner must still demonstrate the requirements under subsection (a)(2)(A). We disagree with the DPS's reasoning. As we stated in *N.B.J.*, (a)(2)(B) is a "separate option for seeking expunction," completely distinct from (a)(2)(A). *N.B.J.*, 552 S.W.3d at 383–84.

Here, appellant sought expunction under Article 55.01(a)(2)(B) as to the 2007 offense for possession of a controlled substance in penalty group one. Because the language under (a)(2) is offense-based, *see R.P.G.P.*, 623 S.W.3d at 322–23, an applicant qualifies for expunction of an offense under (a)(2)(B) "provided that" "prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired." *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B); *R.P.G.P.*, 623 S.W.3d at 316–17.[2] Like

---

misdemeanors while an arrest-based interpretation applies when much more serious crimes—felonies—are involved." *Id.* at 323.

[2] We note that the supreme court's opinion in *R.P.G.P.* implicitly overruled *T.R.W.* to the extent our opinion in *T.R.W.* stood for the proposition that (a)(2)(B) was arrest-based when the charges were related.

the language under (a)(2), the language under (a)(2)(B) ties an "arrest" to a single offense. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B); *R.P.G.P.*, 623 S.W.3d at 322–24. And subsection (a)(2)(B) lacks any of the language present in (a)(1) limiting expunction of charges arising out of the same criminal episode as a final conviction and also any of the language under (a)(2)(A) limiting expunctions of felonies. *Cf.* Tex. Code Crim. Proc. Ann. art. 55.01(a)(1), (a)(2)(A), (c); *R.P.G.P.*, 623 S.W.3d at 320–26. Therefore, we hold that (a)(2)(B) is likewise offense-based, not arrest-based. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B); *R.P.G.P.*, 623 S.W.3d at 322–23.

Furthermore, appellant has been released for the 2007 offense of possession of a controlled substance under penalty group one, the offense has not resulted in a final conviction and is no longer pending, there was no court-ordered community supervision for the offense, and the applicable three-year limitations period has expired. *See* Tex. Code Crim. Proc. Ann. arts. 12.01(8) (providing for three-year statute of limitations for felonies not listed under article 12.01(1)–(7)), 55.01(a)(2)(B); *R.P.G.P.*, 623 S.W.3d at 316–17; *N.B.J.*, 552 S.W.3d at 380, 383–84.

Therefore, we conclude that appellant has satisfied the statutory requirements as to his 2007 offense for possession of a controlled substance in penalty group one, and we further conclude that the trial court erred when it denied appellant's petition to expunge his 2007 arrest record for possession of a controlled substance. *See R.P.G.P.*, 623 S.W.3d at 326 (noting that "partial redaction of arrest records is permitted under the expunction statute"). We sustain appellant's sole issue.

### III. CONCLUSION

We reverse in part the trial court's judgment denying appellant's request for expunction of the 2007 arrest, and remand to the trial court to grant appellant's petition for expunction as to the 2007 arrest for possession of a controlled substance in penalty group one and render an expunction order with regard to the records for this arrest. We affirm the remainder of the trial court's judgment.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.