# IN THE SUPREME COURT OF TEXAS

No. 19-1051

EX PARTE R.P.G.P.

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

JUSTICE BLAND, joined by JUSTICE BLACKLOCK and JUSTICE HUDDLE, dissenting.

In Chapter 55 of the Code of Criminal Procedure, the Legislature has made expunction of an arrest record available to wrongfully arrested persons.[1] In so doing, however, it carefully limited expunction as a remedy when an arrest results in multiple criminal charges. The Court today decides that an arrest is deserving of expunction based on the dismissal of one criminal offense even when another charged offense, based on the same arrest, resulted in a no-contest plea bargain with community supervision. Because the statute does not permit the expunction of an arrest record in these circumstances, and the Court does, I respectfully dissent.

## I

Kerrville Police arrested the petitioner in this case in March 2015. From that arrest, the State charged him with two Class B misdemeanor offenses: driving while intoxicated and possession of marijuana. The petitioner pleaded no contest to the marijuana possession offense, and the trial court imposed nine months of community supervision as part of a deferred-

---

[1] TEX. CODE CRIM. PROC. art. 55.01.

adjudication plea agreement.[2] After the petitioner completed community supervision, the State dismissed the marijuana charge pursuant to the plea agreement. The petitioner concedes that his arrest for this drug offense is not eligible for an expunction under the statute because he pleaded no contest to the charge and served court-ordered community supervision.

Meanwhile, the petitioner successfully completed a pretrial diversion program that addressed his driving-while-intoxicated offense. Upon completion of that program, the State dismissed that charge as well.

A few months later, in August 2017, the petitioner sought expunction of his arrest, citing his completion of the pretrial diversion program. At the expunction hearing, and over the petitioner's objection, the State introduced evidence of his plea bargain to the marijuana offense. The State showed that the petitioner had served community supervision and pleaded no contest, based on the same arrest as the driving while intoxicated arrest. Each charged offense relied on the same arrest report, number KPD 1500604. The trial court denied the petition for expunction.

The court of appeals affirmed.[3] Because the no-contest plea bargain was relevant to whether the petitioner's arrest qualified for an expunction, the court held that the trial court properly admitted that evidence even though it is otherwise subject to a nondisclosure order.[4] The court then examined the qualifications for expunction of an arrest when multiple criminal charges result, and it concluded that the statute does not permit expunction of the petitioner's arrest record

---

[2] *See id.* art. 42A.101(a) (providing that a judge may order deferred adjudication after a plea of no contest). The trial court certified that the case was "a plea bargain case" and the defendant had "no right of appeal."

[3] 606 S.W.3d 755, 762 (Tex. App.—San Antonio 2019).

[4] *Id.* at 761.

because one of the multiple criminal offenses based on the arrest—possession of marijuana—does not qualify for an expunction.[5]

In this Court, the petitioner argues that the trial court and the court of appeals erred in denying expunction of his arrest record. He further argues that the trial court erred in admitting evidence of his no-contest plea and resulting community supervision for possession of marijuana in the expunction hearing because it was subject to a nondisclosure order. Citing a proviso in the statute that does not permit an expunction for multiple misdemeanor offenses based on the same arrest when all do not qualify, the State responds that Chapter 55 does not permit the expunction of petitioner's arrest record.

## II

### A

Expunction is a statutory privilege and stands as an exception to the established principle that court records ought to be open to the public.[6] It serves to remove records of a *wrongful* arrest; it is not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense."[7] As a matter of principle, an arrest does not become wrongful if the person arrested is guilty of only some of the charges brought.

---

[5] *Id.* at 762.

[6] *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014).

[7] *Harris Cnty. Dist. Atty's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) (quoting *Tex. Dep't of Pub. Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. App.—Texarkana 1981, no writ)) (interpreting earlier version of expunction statute).

The Legislature's application of this principle is found within article 55.01(a) of the Texas Code of Criminal Procedure. Article 55.01, first and foremost, focuses on "the arrest" record, in its entirety:

> RIGHT TO EXPUNCTION. (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have *all* records and files relating to *the arrest* expunged *if*:[8]

The "if" in article 55.01(a) conditions expunction of "the arrest" on examining an offense to determine whether it qualifies. The offense qualifies for expunction "if":

> (2) the person has been released and *the charge*, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for *the offense*, unless the offense is a Class C misdemeanor, *provided that*:[9]

The proviso that focuses on multiple misdemeanor offenses that follows the "provided that" switches from "the offense" back to the "person's arrest," in subsection (a)(2)(A). Subsection (a)(2)(A) asks whether, in the case of misdemeanor offenses, a charge exists based on the "person's arrest" that does not qualify:

> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, *an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest* or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>
>> (i) has not been presented against the person at any time following the arrest, . . . or

---

[8] TEX. CODE CRIM. PROC. art. 55.01 (emphasis added).

[9] *Id.* art. 55.01(a)(2) (emphasis added).

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:

. . .

(c) the person completed a pretrial intervention program authorized under Section 76.011, Government Code, other than a veterans treatment court program created under Chapter 124, Government Code, or former law, or a mental health court program created under Chapter 125, Government Code, or former law . . .[10]

Standing alone, the petitioner's driving while intoxicated arrest qualifies for an expunction under subsection (a)(2)(A)(ii)(c) because the State dismissed this charge after he completed a pretrial intervention program and the petitioner had no court-ordered community supervision.

But the petitioner's arrest for driving while intoxicated does not stand alone. The State also charged him with possession of marijuana. He pleaded no contest and agreed to a plea bargain for that charge. It is undisputed that a plea bargain that results in community supervision, like the petitioner's, does not satisfy the 55.01(a)(2)(A) proviso. The path to expunction for the arrest forks at subsection (a)(2)(A), which in the case of multiple offenses denies expunction for *the* arrest where there is "*an* indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest" that does not fulfill the statute's enumerated criteria.

The petitioner's no-contest, deferred-adjudication plea to his marijuana possession charge concededly does not meet these criteria. A person is not entitled to expunction unless all the statutory conditions are met;[11] therefore, it is petitioner's burden to prove that the marijuana

---

[10] *Id.* art. 55.01(a)(2)(A) (emphasis added).

[11] *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018).

possession offense is not "based on the . . . arrest" for driving while intoxicated. Petitioner offers no support for a conclusion that the two charges are based on different arrests. The arrest record for both charges is the same. Police uncovered the marijuana after they stopped the petitioner for driving while intoxicated. When a search conducted pursuant to the investigation of one offense leads to the charging of the second offense, culminating in a single arrest, the offenses are "based on" the same arrest.[12] Because *an* information charging a misdemeanor criminal offense based on the person's arrest does not meet the statute's criteria for expunction when multiple criminal charges result, the trial court and the court of appeals properly denied the petitioner's request for an expunction of his arrest record.

The Court holds that the indefinite article "an" stands in contrast to the use of "any" for felonies in the same proviso in subsection (a)(2)(A). A person charged with multiple felonies must satisfy the expunction prerequisites for *each* felony arising out of the same transaction, the Court theorizes, but a person charged with multiple misdemeanors need only satisfy the expunction prerequisites for a particular misdemeanor. Its holding is contrary to the plain meaning of article 55.01(a)(2)(A).

---

[12] We do not need to theorize about the outer limits of "based on" to conclude that a single detention resulting in two offenses meets the definition, where petitioner has offered no contrary explanation. The Court states that not all charges filed contemporaneously should meet the "based on the arrest" criteria, pointing to the example of the petitioner in *T.S.N. Ante* at 23. The petitioner in that case was charged with theft-by-check in 2010 and with assault in 2013; she was not arrested for one crime pursuant to the investigation of the other but on an outstanding arrest warrant. *T.S.N.*, 547 S.W.3d at 618.

**B**

As the Court observes, "an" can mean "any."[13] What the indefinite article stands in contrast to is the definite article "the," as in "the offense" used in subsection (a)(2), just above subsection (a)(2)(A).

The Legislature separated the standards in subsection (a)(2)(A) for arrests that result in multiple charges depending on whether they are misdemeanors or felonies. Multiple misdemeanors "based on the person's arrest" are grouped together. Multiple felonies "arising out of the same transaction for which the person was arrested" are also grouped together. That difference does not mean, as the Court suggests, that the Legislature altogether eliminated consideration of multiple misdemeanor offenses based on the same arrest in deciding whether the arrest qualifies for an expunction.

The earlier version of the statute does not buttress the Court's reading. The Court attributes the Legislature's change in 2011 from "any offense" to "the offense" in the language above subsection (a)(2)(A) as an intent to expand the availability of expunction. Had the Legislature meant to employ the same criteria for expunction regardless of whether the arrest resulted in multiple misdemeanor charges, however, it would have eliminated misdemeanors from the conditions of article 55.01(a)(2)(A) altogether, as the Court does. The Legislature did not.

Instead, the 2011 amendments blended felonies and misdemeanors.[14] The amendments added provisos relating to limitations and waiting periods and placed other conditions on the

---

[13] *Ante* at 17; *See A*, MERRIAM-WEBSTER ONLINE ("indefinite article . . . 3b: ANY").

[14] In *State v. Beam* we held that despite the reference to "felonies" in (a)(2)(A), the proviso in (a)(2)(A)(i) also applied to the expunction of misdemeanors. 226 S.W.3d 392, 393–95 (Tex. 2007). The 2011 amendments followed.

expunction of a "person's arrest."[15] Reading the amendments together, the Legislature paralleled the conditions for felonies and misdemeanors; it did not further diverge them. "The legislature does not alter major areas of law 'in vague terms' or no terms at all—'it does not, one might say, hide elephants in mouseholes.'"[16]

Our opinion in *State v. T.S.N.* does not compel a different reading of the statute. There, we recognized that the expunction statute "is neither entirely arrest-based nor offense-based," and concluded that subsection (a)(1)—concerning acquittals and pardons—was "offense-based" because reading it as "arrest-based" would result in rendering subsection (c) superfluous.[17] Subsection (c), however, expressly applies to expunctions under (a)(1); it exerts no influence on (a)(2). If its existence compelled us to read (a)(1) as "offense-based," that compulsion is entirely absent for (a)(2).

The Court's reading of the statute is at odds with the overall expunction statute. If the petitioner before us had instead been acquitted of the driving while intoxicated charge—formally and officially adjudicated not guilty—he would not be entitled to expunge the records relating to the marijuana offense because driving while intoxicated while possessing an intoxicating

---

[15] Act of May 25, 2011, 82d Leg., R.S., ch. 690, § 1, 2011 Tex. Gen. Laws 1653, 1653–54 (codified at TEX. CODE CRIM. PROC. art. 55.01(a)(2)(A) & (a)(2)(A)(i)(a)–(d)).

[16] *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 438 (Tex. 2016) (quoting *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001) (Scalia, J.)).

[17] *T.S.N.*, 547 S.W.3d at 622 (interpreting article 55.01(c), which provides that a "court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode").

8

substance amount to the same "criminal episode."[18] The Legislature has viewed the commission of multiple offenses more stringently than single offenses for expunction purposes under both subsections (a)(1) and (a)(2). While the multiple-offense distinction remains in (a)(1), the Court effectively eliminates it for multiple misdemeanor offenses under (a)(2). The disparate result: a defendant who obtains an acquittal of one of multiple offenses but pleads guilty to a misdemeanor is not entitled to an expunction, but he would have been had the charge instead been dismissed.

If the Legislature required such a result—however disparate—we would be obliged to honor it. But no such requirement exists in the statute. By the Court's own description, the statute is "confounding" and "linguistically complex."[19] As we said in *T.S.N.*, "Under (a)(1), the acquittal or pardon is the only prerequisite to expunction. Whereas under (a)(2), the dismissal or plea bargain is only the beginning of the analysis."[20] The Legislature erected a thicket of conditions in (a)(2), including some that curtail the availability of an expunction when multiple criminal charges arise out of one arrest.[21] The Court's insistence on upending that scheme based on the use of an indefinite article ignores the context of "an" in the sentence itself, the statutory subsection, and the overall approach to the statute, which treats differently an arrest that results in multiple criminal charges.

---

[18] While the record on the relatedness of the petitioner's driving while intoxicated and possession offenses is sparse, the burden is on the petitioner to prove that the conditions for expunction are met. *Id.* at 620 ("A person is not entitled to expunction until all of the statutory conditions are met.").

[19] *Ante* at 1, 23.

[20] *T.S.N.*, 547 S.W.3d at 622 (citation omitted).

[21] *E.g.*, TEX. CODE CRIM. PROC. art. 55.01(a)(2)(A)(i)(a)–(c) (setting different waiting periods depending on which offenses were charged arising out of the same transaction).

Cohesively considering the statute, the Legislature requires each offense based on the same arrest (for misdemeanors) or criminal transaction (for felonies) to meet the statute's conditions before that arrest record qualifies for expunction.

## C

Faced with this question, most of the courts of appeals, steeped in criminal law, rightly read the statute as barring expunction for one offense if all offenses based on the same arrest do not qualify.[22] Rightly, because the statute mandates an arrest-based approach when considering multiple criminal charges based on the same arrest. The object of the statute is the expunction of "*all* records and files relating to *the* arrest," not *some* records.[23] Not only does the statute demand it, these courts practically understand that "partial, content-based removal or redaction of arrest files is not contemplated or sufficient,"[24] and "would lead to potentially serious problems for law-

---

[22] *E.g.*, *R.G. v. Harris Cnty. Dist. Atty's Office*, 611 S.W.3d 69, 77 (Tex. App.—Houston [14th Dist.] 2020, pet. filed); *Ex parte F.M.J.*, No. 13-19-00398-CV, 2020 WL 4382011, at *2–3 (Tex. App.—Corpus Christi–Edinburg July 30, 2020, no pet.) (mem. op.); *Ex parte Bradshaw*, No. 05-17-01424-CV, 2018 WL 6065099, at *3–4 (Tex. App.—Dallas Nov. 20, 2018, no pet.) (mem. op.); *Ex parte J.L.*, No. 02-17-00406-CV, 2018 WL 4183081, at *3 (Tex. App.—Fort Worth Aug. 31, 2018, no pet.) (mem. op.); *Ex parte C.Z.D.*, No. 12-17-00373-CV, 2018 WL 3041145, at *2 (Tex. App.—Tyler June 20, 2018, no pet.) (mem. op.). *But see Ex parte N.B.J.*, 552 S.W.3d 376, 384 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("We therefore depart from our sister courts that have interpreted article 55.01(a)(2) as providing for expunction only on an overall 'arrest-based' basis, and instead conclude that the 'statute provides that one arrest for multiple offenses equates to multiple arrests . . . each arrest tied to its own individual offense.'" (quoting *T.S.N.*, 547 S.W.3d at 621)).

The courts of appeals were even less conflicted about the interpretation of the statute before our decision in *T.S.N. See, e.g.*, *Tex. Dep't of Pub. Safety v. A.M.*, No. 03-17-00114-CV, 2018 WL 1177601, at *3 (Tex. App.—Austin Mar. 7, 2018, no pet.) (mem. op.); *Ex parte Vega*, 510 S.W.3d 544, 550–51 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *T.H. v. Tex. Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 WL 5874869, at *3–4 (Tex. App.—Austin Oct. 6, 2016, no pet.) (mem. op.); *Ex parte S.D.*, 457 S.W.3d 168, 172 (Tex. App.—Amarillo 2015, no pet.); *S.J. v. State*, 438 S.W.3d 838, 845–46 (Tex. App.—Fort Worth 2014, no pet.); *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 481 (Tex. App.—San Antonio 2013, no pet.); *Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 3972225, at *2 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.).

[23] TEX. CODE CRIM. PROC. art. 55.01(a) (emphasis added).

[24] *S.J.*, 438 S.W.3d at 845.

10

enforcement personnel."[25] The Legislature's permission for agencies and attorneys to retain certain files in section 4 of article 55.02 is quite different than ordering a permanent partial expunction.[26] Though we discounted in *T.S.N.* the record-keeping difficulties with partial redactions in concluding that they should not overcome the meaning of the statute where it expressly provides for an expunction after an acquittal, those difficulties are increased when multiple offenses result from the very same arrest.[27] We should not discount them and disregard the Legislature's express treatment of multiple offenses based on the same arrest in a different portion of the statute.

"[A]n expunction proceeding is civil in nature,"[28] yet it is in the criminal law where the consequences of our decision will be keenly felt. An officer investigating suspicious activity will not be forewarned of the defendant's past criminal history, even when the Legislature has said it may not be expunged.

The result also may not be helpful to defendants charged with multiple misdemeanor offenses based on one arrest. The State routinely agrees to dismiss other charges in exchange for a guilty plea to one charge.[29] Such agreements qualify as "plea bargains" in the same way that an

---

[25] *Travis Cnty. Dist. Att'y v. M.M.*, 354 S.W.3d 920, 924 n.1 (Tex. App.—Austin 2011, no pet.).

[26] *See* TEX. CODE CRIM. PROC. art. 55.02(4). The language of article 55.02(4) supports the arrest-based interpretation of article 55.01(a)(2)(A), as it applies when the person "is still subject to conviction for an offense arising out of the transaction for which the person was arrested" and does not distinguish between misdemeanors and felonies. *Id.*

[27] *T.S.N.*, 547 S.W.3d at 624.

[28] *Id.* at 619.

[29] "With as much as ninety percent of all criminal cases resolved via plea agreements, charge reductions, dismissal of charges, or reduced sentences are commonplace." *State v. Moore*, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007) (footnote omitted) (citing *Brady v. United States*, 397 U.S. 742, 752 n.10 (1970) ("It is this mutuality of advantage that perhaps explains the fact that at present well over three-fourths of the criminal convictions in this country rest on pleas of guilty, a great many of them no doubt motivated at least in part by the hope or assurance of a

agreement to plead guilty in exchange for a determinate sentence is a plea bargain.[30] The Court's decision today reduces the State's incentive to reach a plea to a lesser offense or to allow pretrial diversion of a charge. If the State agrees to dismiss or divert one of multiple charges in exchange for a guilty plea and community supervision for another charge, then a properly arrested defendant is nonetheless entitled to an expunction of his arrest record. The incentive will shift to bargain offense-by-offense, limiting the potential for outright dismissal or pretrial diversion of some charges.

## III

Had he only been charged with misdemeanor driving while intoxicated, the petitioner's arrest would meet the statutory requirements for expunction because he completed a pretrial diversion program. But the same arrest resulted in the marijuana possession charge, for which the petitioner pleaded no contest and served community supervision. This charge and resulting no-contest plea with community supervision precludes the expunction of his arrest record.

---

lesser penalty than might be imposed if there were a guilty verdict after a trial to judge or jury." *Id.* at 752 (footnote omitted))).

[30] "Plea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has," i.e., it is the process where a defendant who is accused of a particular criminal offense, and his attorney, if he has one, and the prosecutor enter into an agreement which provides that the trial on that particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge. Put another way, "plea bargaining is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence."

*Perkins v. Third Court of Appeals,* 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) (orig. proceeding) (quoting MILTON HEUMANN, PLEA BARGAINING (1978)).

Because the Court concludes otherwise, it does not reach the second issue in this case, which is whether the trial court's nondisclosure order for the marijuana offense precluded the State from offering it as evidence in this case, in which the petitioner seeks to expunge the arrest record that formed the basis for both charges.

"While nondisclosure orders allow information regarding the offenses to be disclosed to various agencies and entities, expunction orders prohibit any use of the expunged records."[31] Nondisclosure orders allow a person who has complied with the terms of the nondisclosure statute to refrain from publicly disclosing the charge or plea agreement on a job application or in response to another sort of inquiry into a person's criminal record. A record of charges and resulting disposition are not present in publicly available databases.

The nondisclosure statute, however, provides that a "criminal justice agency may disclose criminal history record information that is the subject of an order of nondisclosure . . . under this subchapter only . . . for criminal justice . . . purposes."[32] A criminal justice purpose means "an activity that is included in the administration of criminal justice," which in turn has the meaning article 66.001 of the Code of Criminal Procedure assigns it,[33] which includes activities that relate to "criminal identification" and the "dissemination of criminal history record information":

> [T]he detection, apprehension, detention, pretrial release, post-trial release, prosecution, adjudication, correctional supervision, or rehabilitation of an offender. The term includes criminal

---

[31] *Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, at *3 (Tex. App.—San Antonio Dec. 28, 2016, pet. denied); *compare* TEX. GOV'T CODE §§ 411.076, 411.0765 (providing for disclosure of records subject to order of nondisclosure to various agencies and entities), *with* TEX. CODE CRIM. PROC. art. 55.03 (prohibiting release, maintenance, dissemination, or use of expunged records and files for any purpose).

[32] TEX. GOV'T CODE § 411.0765(a).

[33] *Id.* § 411.082(4)(A); *see id.* § 411.071 (providing that "criminal justice purpose" has the meaning provided in section 411.082 of the Government Code).

13

identification activities and the collection, storage, and dissemination of criminal history record information.[34]

The district court's determination to grant an expunction is related to both "criminal identification activities" and the "dissemination of criminal history record information." Thus, the State's disclosure of a conviction that is otherwise subject to a nondisclosure order is permitted in an expunction hearing. It furthers the purposes of the administration of justice to permit the district court to fully determine the bases and the consequences of the expunction of the arrest in question. The trial court thus did not err in permitting the State to disclose the marijuana possession offense that is subject to a nondisclosure order for the limited purpose of this expunction proceeding.

\*       \*       \*

Ours is not to make policy. The Legislature has done so in Chapter 55, weighing the competing interests of providing a fresh start to arrestees against making records of arrests that result in plea bargains available to law enforcement. The Legislature settled on the compromise position laid out in the text of the statute. Our Court should not upend it.

The statute does not permit expunction of an arrest if, based on that arrest, the defendant pleads no contest to at least one offense that results in a deferred-adjudication plea bargain. The Court's holding that the petitioner is entitled to an expunction of his arrest stands in opposition to the statutory text. Instead, the statute expressly conditions an expunction on a determination that, among other conditions, the State did not charge the defendant with multiple criminal misdemeanors based on the arrest, or though so charged, each was dismissed for an enumerated statutory reason. Deferred-adjudication plea bargains are not included.

---

[34] TEX. CODE CRIM. PROC. art. 66.001(1).

The court of appeals correctly held that the petitioner in this case is not entitled to an expunction of his arrest record. Because we should affirm that holding and do not, I respectfully dissent.

 

 

 

_____
Jane N. Bland
Justice

OPINION DELIVERED:  May 14, 2021