# IN THE SUPREME COURT OF TEXAS

═══════════
No. 17-0323
═══════════

THE STATE OF TEXAS, PETITIONER,

v.

T.S.N., RESPONDENT

═══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
═══════════════════════════════════════════════

**Argued March 1, 2018**

JUSTICE JOHNSON delivered the opinion of the Court.

In this matter, T.S.N. was arrested for two unrelated charges. She pleaded guilty to one charge but was acquitted of the other. The question is whether, pursuant to Texas Code of Criminal Procedure article 55.01(a)(1)(A), records and files relating to the charge for which she was acquitted are subject to expungement. The trial court granted T.S.N.'s petition seeking expungement and the court of appeals affirmed. We affirm.

## I. Background

On October 15, 2010, T.S.N. was charged by information for the misdemeanor offense of theft by check, and a warrant for her arrest issued on November 16, 2010. She was not arrested until June 11, 2013. On that date, she was arrested for the felony offense of aggravated assault with a deadly weapon. During the arrest process, the officer also executed the 2010 warrant and arrested T.S.N. on the theft by check charge as well as the assault charge. The theft and assault charges were

filed in different courts with different cause numbers. T.S.N. pleaded guilty to the theft charge but not guilty to the assault charge. The assault charge was tried to a jury and she was acquitted.

Following her acquittal, T.S.N. filed a petition pursuant to article 55.01 of the Texas Code of Criminal Procedure, seeking expungement of the records and files relating to the assault charge. Under article 55.01(a)(1)(A), a person is entitled to expunction of all records and files relating to an arrest if the person is tried for and acquitted of the offense on which the arrest was based. TEX. CODE CRIM. PROC. art. 55.01(a)(1)(A). And although the relevant expunction language is located in the Code of Criminal Procedure, an expunction proceeding is civil in nature. *See, e.g.*, *State v. Beam*, 226 S.W.3d 392, 393 (Tex. 2007).

The State opposed T.S.N.'s petition. It argued that she was not entitled to expunction because she was convicted of the theft charge for which she was simultaneously arrested. The State asserted that article 55.01 entitles an individual to expunction of arrest records only if the results of the prosecutions as to *all* of the charges underlying the arrest meet the statutory requirements for expunction. It reasoned that T.S.N. did not meet the statutory requirements because her arrest resulted in both an acquittal and a conviction. The trial court disagreed with the State and granted T.S.N.'s petition.

The State appealed, arguing that the trial court abused its discretion in granting the expunction. It asserted that the statute is "arrest-based" and T.S.N. was only entitled to expunction of records relating to the arrest for assault if she was also entitled to expunction of records relating to the arrest for theft. T.S.N. countered that article 55.01(a)(1)(A) is "offense-based," so her

2

acquittal of the assault charge entitled her to expunction of the assault-related records, regardless of the outcome on the theft charge.

The court of appeals affirmed. It concluded that the statute linked "arrest" to a single "offense," permitting expunction under the facts of this case, where the charge T.S.N. was acquitted of, and the charge she pleaded guilty to, did not relate to a single episode of criminal conduct. 523 S.W.3d 171, 175–76 (Tex. App.—Dallas 2017).

In this Court, the State asserts that the court of appeals' interpretation of article 55.01(a)(1)(A) conflicts with that of other courts of appeals. The State continues to argue that article 55.01's plain language makes expunction an all-or-nothing proposition relating to the *arrest* and all matters involved in it. Last, the State contends that an arrest-based reading of the statute is consistent with Legislative intent to provide a remedy for those who have been wrongfully arrested and that because T.S.N. pleaded guilty to the theft offense, her arrest was not wrongful.

T.S.N., in turn, argues that the State is wrong in its contention that the court of appeals' position conflicts with that of all other courts of appeals. She says that the cases cited by the State interpret subsection 55.01(a)(2), a different part of the statute from the subsection applicable to her, and that subsection 55.01(a)(2) addresses materially different situations from the facts in her case. According to T.S.N., the subsection 55.01(a)(2) cases address situations where there was a single arrest for multiple offenses committed on the same day that share a common factual nexus. Further, T.S.N. counters that the statute, when read in its entirety, demonstrates legislative intent to permit expunction of records relating to less than all the offenses arising from a single arrest, so long as expunction is not otherwise barred by the statute's additional requirements. T.S.N. directs us to the

3

statute's consistent use of words in the singular, that is, "the offense" and "the charge," and to subsections that expressly address instances of multiple offenses or charges as indicating the statute's offense-based construction. Finally, T.S.N. asserts that the expunction statute is remedial in nature and therefore is to be construed liberally to provide the intended relief—mandatory expunction after acquittal—thereby granting a fresh start to individuals wrongly charged with an offense.

## II. Law

### A. Standard of Review

A trial court's ruling on a petition for expunction is reviewed for abuse of discretion. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Under the abuse of discretion standard, appellate courts afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Thus, a trial court's legal conclusions are reviewed de novo. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

Here, the trial court's ruling on the expunction request hinged on a question of law because it required the interpretation of article 55.01; therefore, it is subject to de novo review. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008) (stating that statutory construction is a question of law).

4

## B. The Statute

Texas Code of Criminal Procedure article 55.01 contains the requirements for expunction of criminal records. TEX. CODE CRIM. PROC. art. 55.01. A person is not entitled to expunction until all of the statutory conditions are met. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). T.S.N. sought expunction pursuant to subsection (a)(1)(A), which provides:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>> (1) the person is tried for the offense for which the person was arrested and is:
>>> (A) acquitted by the trial court, except as provided by Subsection (c). . . .

*Id.* art. 55.01(a)(1)(A). The exception created by subsection (c) is as follows:

> (c) A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(c). Section 3.01 of the Texas Penal Code defines "criminal episode" as:

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>> (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE § 3.01.

5

Statutes are to be analyzed "as a cohesive, contextual whole" with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result. *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017); *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) (citing TEX. GOV'T CODE § 311.023(1), (3)). Further, our analysis is limited to application of the plain meaning of the statutory language "unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011)).

### III. Discussion

Where an arrest is made pursuant to a charge for a single offense and the person is acquitted or convicted and then pardoned pursuant to article 55.01(a)(1)(B), then article 55.01(a)(1) entitles the person to expunction of all records and files relating to the arrest. *See J.T.S.*, 807 S.W.2d at 574. This is because records and files relating to "*the* offense" encompass the whole of the records and files relating to "*the* arrest." TEX. CODE CRIM. PROC. art. 55.01(a)(1) (emphasis added). And where an arrest is made pursuant to a charge or charges for multiple related offenses as part of a criminal episode, the statute just as clearly does *not* entitle the person to expunction of any files and records relating to the episode if the person either is convicted of one of the offenses or charges for one of the offenses remain pending. *See id.* art. 55.01; TEX. PENAL CODE § 3.01. But this case differs from either scenario. Here, a single arrest occurred for multiple unrelated offenses.

The State argues that the overriding structure of article 55.01 uses "arrest" as the unit of measurement. Because of that, the unit of measurement for which offenses must result in acquittal

6

or pardon in order for expunction to be required are all of those offenses charged from each arrest.

Under the State's arrest-based approach, article 55.01(a)(1) would in essence provide:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the person is tried for the offense[*s*] for which the person was arrested and is acquitted by the trial court *of all the offenses*.

TEX. CODE CRIM. PROC. art. 55.01(a)(1) (alterations in italics). In supporting its position, the State asserts that the singular language from article 55.01(a)(1) ("the person is tried for the offense") necessarily includes the plural ("the person is tried for the offenses"). TEX. GOV'T CODE § 311.012(b) (specifying, as a rule of statutory construction, that "[t]he singular includes the plural and the plural includes the singular"); *J.T.S.*, 807 S.W.2d at 573 (stating that the "Code Construction Act controls when interpreting the Code of Criminal Procedure").

However, if "the offense" is to include the plural, as the State argues, then logically and consistently "the arrest" must also include the plural. This would mean the statute provides that one arrest for multiple offenses equates to multiple arrests for the offenses, each arrest tied to its own individual offense. That reading favors both T.S.N.'s position regarding article 55.01(a)(1) and the court of appeals' determination that the statute links "an arrest" to a single offense where the offenses are not part of a criminal episode.

T.S.N. asserts that the State's emphasis and reliance on the statute's language specifying what files and records must be expunged—those "relating to the arrest"—ignores the remainder of the statute. *See Sandcastle Homes*, 521 S.W.3d at 754 (stating that courts presume the Legislature intended for all the words in a statute to have meaning and for none of them to be useless). She

7

argues that the statute never makes expunction contingent upon acquittal of *all* charges so that all records will be expunged but instead provides for selective expungement where necessary as the intended remedy for acquittal of "the offense." T.S.N. argues for the following reading of the statute, in which the word "offense" is substituted for "arrest" in the appropriate place:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the *offense* expunged if the person is tried for the offense for which the person was arrested and is acquitted by the trial court.

TEX. CODE CRIM. PROC. art. 55.01(a)(1) (alterations in italics).

Reading the statute as T.S.N. proposes requires expunction only as to those parts of the records and files relating to the offense for which the accused was acquitted, and what those parts are will depend on the outcome of each offense charged as a result of the arrest. Further, T.S.N. claims that an arrest-based approach, as the State urges, renders the multiple offense, criminal episode provision in subsection (c) superfluous—an improper manner of interpreting statutory language. *See Sandcastle Homes*, 521 S.W.3d at 754; *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (stating that an entire statute is presumed to be effective and no words should be read as useless or a nullity). We agree. If the Legislature intended that all the offenses underlying a single arrest must meet the requirements for expunction under article 55.01(a)(1)(A) in order for expunction to be permitted, then the exception under subsection (c) would be unnecessary.

Although neither we nor any court of appeals have specifically addressed whether article 55.01(a)(1) is arrest-based, several courts of appeals have interpreted article 55.01(a)(2) as being

8

arrest-based. Article 55.01(a)(2) permits expunction of records and files relating to an arrest if "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision . . . for the offense, unless the offense is a Class C misdemeanor." TEX. CODE CRIM. PROC. art. 55.01(a)(2). Article 55.01(a)(2) further provides several limitations on expunction, including waiting periods (for example, requiring a wait of at least one year before seeking expunction for an offense punishable as a Class A or B misdemeanor and requiring a wait of at least three years before seeking expunction for an offense punishable as a felony) and limitations where arrests were for multiple offenses (for example, a felony charge arising out of the same transaction for which the person was arrested). *Id.* So although both subsection (a)(1) and subsection (a)(2) set out prerequisites for expunction, those prerequisites are quite different. Under (a)(1), the acquittal or pardon is the only prerequisite to expunction. *Id.* art. 55.01(a). Whereas under (a)(2), the dismissal or plea bargain is only the beginning of the analysis. *Id.* art. 55.01(a)(2).

As noted, several courts of appeals that have addressed the question have broadly concluded that article 55.01 in its entirety is arrest-based. *E.g.*, *In re Expunction*, 465 S.W.3d 283, 292 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding that article 55.01 applies to all charges stemming from an arrest and to obtain expunction an individual must demonstrate that the entire arrest is subject to expunction); *S.J. v. State*, 438 S.W.3d 838, 845–46 (Tex. App.—Fort Worth 2018, no pet.) (holding that all charges arising from an arrest must meet the requirements of the expunction statute for the arrest records to be expunged). However, the court in *Texas Department of Public Safety v. G.B.E.*, while holding that a person was not entitled to have arrest records arising

9

from a multi-charge arrest expunged when at least one of the charges resulted in a final conviction, explicitly avoided addressing whether the entirety of article 55.01(a)(2) is charge-based or arrest-based. 459 S.W.3d 622, 629–30 (Tex. App.—Austin 2014, pet. denied) (en banc). *G.B.E.* concerned a defendant arrested and charged with the offense of driving while intoxicated. *Id.* at 624. Following a plea bargain, the charge was dismissed and refiled as a misdemeanor reckless driving charge. *Id.* The defendant then pleaded no contest to the misdemeanor. *Id.* In response to the defendant's petition to expunge records related to the DWI charge, the Department argued that G.B.E. failed to present sufficient evidence as to the statutory requirements for expunction under article 55.01(a)(2). *Id.* The Department contended that under article 55.01(a)(2), G.B.E. had to prove that "the charge" for which he sought expunction "has not resulted in a final conviction." *Id.* at 626; *see* TEX. CODE CRIM. PROC. art. 55.01(a)(2). The Department asserted that the phrase "the charge . . . has not resulted in a final conviction" means a petitioner must demonstrate that the *arrest* did not result in a final conviction. *G.B.E.*, 459 S.W.3d at 626. The court of appeals concluded that G.B.E.'s arrest for DWI, although that charge was dismissed, did in fact result in a final conviction, albeit for reckless driving. *Id.* at 630. However, the court stated,

> Under the circumstances presented in this case, we need not decide whether subarticle (a)(2) as a whole is "charge-based"—that is, whether subarticle (a)(2) generally permits the expunction of records related to individual charges. For example, we need not decide whether a petitioner may expunge records related to a single charge arising from a multi-charge arrest when the charge for which expungement is sought is wholly *unrelated* to any final conviction arising from the arrest. Instead, we hold that under the circumstances presented in this case and the plain language of subarticle (a)(2), G.B.E. is not entitled to expunge any records related to his arrest.

*Id.* at 629 n.3.

10

To the extent the courts of appeals have stated that article 55.01 is entirely arrest-based, we disagree. Article 55.01 is neither entirely arrest-based nor offense-based. Here, we address only the expunction scheme under subsection (a)(1). The expunction scheme under subsection (a)(2) is not at issue, and we express no opinion about it. Different parts of the article, including the expunction requirements, address different factual situations: subsection (a)(1) concerns acquittals and pardons, with clear instructions provided as to multiple offense arrests under subsection (c); and subsection (a)(2) concerns dismissals and plea bargains. And although the Legislature has specifically provided for expunction under only limited, specified circumstances, that it has done so at all evidences its intent to, under certain circumstances, free persons from the permanent shadow and burden of an arrest record, even while requiring arrest records to be maintained for use in subsequent punishment proceedings and to document and deter recidivism. *See J.T.S.*, 807 S.W.2d at 574.

The Department of Public Safety (DPS) submitted an amicus brief in this case and they join the State in emphasizing the difficulties of effectuating "partial" expunction. The State posits, as evidenced by the case at hand, that single arrests may, and do, involve multiple distinct offenses. The DPS notes that state employees are subject to criminal punishment if they know of an expunction order when they release or use arrest records subject to the order. TEX. CODE CRIM. PROC. art. 55.04 (defining as a Class B misdemeanor the knowing release, dissemination, or use of expunged records or files). The State asserts that permitting expunction in multiple-offense circumstances as to offenses for which a person has been acquitted or pardoned will result in widespread record keeping inconsistencies. The DPS cautions that under T.S.N.'s interpretation, state employees may well be placed in jeopardy because of the complexities regarding releasing

11

records in circumstances where a multi-charge arrest has been made and one of the charges resulted in acquittal and subsequent expunction. Additionally, the DPS asserts that requiring expunction as to one offense will require the destruction of all documents mentioning the expunged offense, even if another offense from the arrest is successfully prosecuted.

We recognize that there are practical difficulties posed by partial expunctions and redactions. But given the Legislature's demonstrated acceptance of selective redaction and expunction of records as valid remedial actions, the arguments of the State and DPS do not convince us. *See* TEX. CODE CRIM. PROC. art. 55.02(4) (setting out procedures for expunction of records when the individual may still be subject to a conviction for an offense arising out of the arrest and permitting law enforcement to retain those files necessary to the continued investigation of the offense for which conviction remains possible). And article 55.02(5) explains that when an official or agency or other governmental entity named in the expunction order is unable to practically return all of the records and files subject to the order, obliteration (i.e., redaction) is required as to those portions of the record or file that identify the individual. *Id.* art. 55.02(5).

## IV. Conclusion

Article 55.01(a)(1)(A) entitles T.S.N. to expunction of all records and files relating to her arrest for the assault charge for which she was tried and acquitted.

We affirm the judgment of the court of appeals.

_____
Phil Johnson
Justice

**OPINION DELIVERED:** May 11, 2018

12