

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-17-00123-CV

_____

## EX PARTE D.D.G.

_____

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 16-002663-CV-361**

_____

## DISSENTING OPINION

_____

In this expunction proceeding, the RAP sheet is long and sympathy is short; but the denial of D.D.G.'s expunction of his August 8, 2007 arrest should be reversed and remanded with instructions to, at a minimum, hold a hearing on the petition for expunction. The record before us supports a holding that he is entitled to the expunction.

To meet with minimum due process requirements, D.D.G. might not need to be bench warranted back to Brazos County; but notice that he will not be present for the hearing to allow him adequate time in advance of the scheduled hearing to present any additional evidence by affidavit or certified copies of government records should be required. There is some confusion documented in the record about the three petitions

filed, for arrest on three different dates, assignment of docket numbers, and filing of the petition as well as what exhibits were attached. Based upon the record, the other two expunction petitions were filed under a different docket number: 16-002663-WR-361. However, in this proceeding, the attachments to D.D.G.'s second petition presented for filing and the allegations in the sworn petition appear to entitle D.D.G. to the requested relief if properly considered by the trial court.

What is clear from the petition and exhibits provided is that on August 8, 2007 D.D.G. was arrested for the offenses of 1) unlawful possession of a firearm by a felon, 2) possession of a controlled substance less than one gram, and 3) unlawfully carrying a weapon. In the FBI RAP sheet, which has 18 different entries for a variety of offenses, some being for multiple offenses, entry number 6, which is the arrest for the three offenses being addressed in this proceeding, indicates that offenses 2 and 3 were dismissed. And the records D.D.G. attached to the petition from the Brazos County DA's office indicates that offense 1 was dismissed due to a pending federal prosecution for that offense. The records from the federal prosecution of that offense indicate that the federal prosecution was also dismissed. Moreover, the sworn petition for expunction contains the assertion that D.D.G. did not receive a judgment of conviction or community supervision for any of these three offenses and that all three offenses have been dismissed. So, based on the sworn allegations and exhibits, D.D.G. was entitled to expunction under Section 55.01(a)(2)(B), the provision of the Texas Code of Criminal Procedure under which he

asserts he is entitled to expunction.[1]

If the allegations and the attachments are not sufficient to "prove" his entitlement, he just needs an opportunity to prove it; an evidentiary hearing. He was not given one. The process to which he was due has been denied. I would reverse the trial court's order and remand this proceeding to the trial court to hold an evidentiary hearing at which D.D.G. could testify to his allegations in person and introduce certified copies of his exhibits or for which he would be provided sufficient notice that evidence of the same could be provided by affidavit and certified or sworn copies of documentary exhibits, if any. This should actually not be necessary as the sworn allegations of the petition are sufficient to show his entitlement to relief.

The Court, however, has determined that D.D.G. is not entitled to expunction because he did not prove that the federal charges from the arrest were dismissed because of the lack of probable cause. I will leave for another day the interesting question of whether lack of probable cause to search is necessarily different than probable cause to arrest for what is found as a result of the unlawful search for application of the expunction statute. But the expunction provision referenced and relied upon by the Court, and the State, does not apply to D.D.G.'s petition. That provision is applicable when the applicant

---

[1] The determination of the applicability of the "arrest based" vs. "offense based" interpretation of the statute is unnecessary to the dissent since there seems to be no question in the Court's opinion or this dissent that D.D.G. is entitled to expunction of all or none of the charges. *See State v. T.S.N.*, 547 S.W.3d 617 (Tex. 2018). However, the evidence as to offenses 2) and 3) is different and may result in the application of the analysis if the evidence is more closely examined on further review.

is seeking expunction before the statute of limitations has expired. D.D.G. relies upon the fact that the charges for which he was arrested on August 8, 2007 have all been dismissed and the statute of limitations for each of those charges has run. Thus, he cannot be charged by information or indictment for any of the offenses for which he was arrested on August 8, 2007. No one has argued, or presented any evidence, to the contrary.

The State also argues that the trial court's denial of expunction should be affirmed on the alternate basis that D.D.G.'s petition is defective because it does not contain all the required information. Aside from the fact that such alleged defects are more appropriate for special exceptions in this civil proceeding than for the basis of denial of the petition, the omitted information may keep the expunction order from being effective against entities that were not notified of the proceeding; but there is no essential or required information that was entirely omitted from the petition which incorporates its exhibits. It might not have been arranged and as easily accessible as the State might have liked, but it all seems to be there.

Based on the foregoing, I respectfully dissent.



TOM GRAY
Chief Justice

Dissenting opinion delivered and filed February 27, 2019