

# NUMBER 13-20-00204-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE G.H.

### On appeal from the 329th District Court of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Perkes

Appellant the Texas Department of Public Safety (the Department) appeals an order expunging all files and records relating to appellee G.H.'s arrest for making a false report to a peace officer, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 37.08. By a single issue, the Department argues that the trial court's order of expunction is not supported by legally sufficient evidence.[1] We reverse and render.

---

[1] Appellee has not filed a brief to assist us in the disposition of this appeal.

## I. Background

On April 14, 2013, G.H. was arrested for the offense of making a false report to a peace officer. *See id.* On June 18, 2014, G.H. pleaded no contest, and she was convicted and sentenced to three days' confinement in the county jail with credit for time served. On February 19, 2020, G.H. filed a pro se petition for expunction pursuant to Article 55.01 of the Texas Code of Criminal Procedure, seeking to expunge records relating to her April 2013 arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01.

On March 23, 2020, the Department filed its original answer and general denial, stating G.H. was not entitled to an expunction because G.H. was arrested and convicted of the charge she sought to expunge. *See id.* The Department attached copies of the complaint, information, and judgment of conviction.

Following a Zoom hearing on G.H.'s petition, the trial court signed an order of expunction on April 8, 2020, finding, in part, "that the charge has *not* resulted in a final conviction." (emphasis added). The Department was absent from the expunction hearing and maintains that, though it received notice of a hearing, it did not receive notice that the hearing would be held via Zoom conference nor was it provided with the Zoom link.[2] The Department timely filed its notice of direct appeal on April 13, 2020. *See* TEX. R. APP. P. 26.1.

---

[2] The hearing notice states in its entirety:

PURSUANT TO CHAPTER 55 OF THE TEXAS CODE OF CRIMINAL PROCEDURE[,] YOU ARE HEREBY NOTIFIED THAT THE PETITIONER IN THE ABOVE NUMBERED AND STYLED CAUSE HAS FILED AN AMENDED PETITION FOR EXPUNCTION OF CRIMINAL RECORDS OF AN ARREST WHICH OCCURRED ON APRIL 14, 2013.

[G.H.] PETITIONER HAS STATED THAT SHE HAS REASON TO BELIEVE THAT YOU HAVE RECORDS OR FILES THAT ARE SUBJECT TO EXPUNCTION YOU ARE HEREBY NOTIFIED THAT A HEARING ON THE ABOVE PETITION HAS BEEN SET FOR 9:00 A.M. ON THE 6TH DAY OF APRIL, 2020.

## II.    EXPUNCTION

The Department argues the trial court erroneously granted G.H.'s expunction because the offense for which G.H. was arrested resulted in a final conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. We agree.

Expunction is a statutory privilege and not a constitutional or common law right. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020). The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and who meets certain other conditions to have the opportunity to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01–.02. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Ex parte E.H.*, 602 S.W.3d at 489 (citing *State v. T.S.N.*, 547 S.W.3d 617, 619 (Tex. 2018)). Thus, it is the petitioner's burden to show that all the statutory conditions—each mandatory and exclusive—have been met. *Id.* "[C]ourts must enforce the statutory requirements and 'cannot add equitable or practical exceptions . . . that the legislature did not see fit to enact.'" *Id.* (quoting *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019)).

We review the ruling on a petition for expunction under an abuse-of-discretion standard. *Ex parte E.H.*, 602 S.W.3d at 489. Under this standard, we afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts. *Id.* When, as here, the trial court's ruling on an expunction petition turns on a question of law, we review that ruling de novo. *Id.*; *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi–Edinburg 2014, pet. denied).

3

Our goal in interpreting a statute is to give effect to the legislature's intent as expressed by the language in the statute. *See El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 531 (Tex. 2020) (citing *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012)). We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 531–32. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *See id.*; *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018).

Article 55.01(a) of the expunction statute provides in relevant part:

(a)     A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

       (1)     the person is tried for the offense for which the person was arrested and is:

              (A)     acquitted by the trial court . . . ; or

              (B)     convicted and subsequently:

                    (i)     pardoned for a reason other than that described by Subparagraph (ii); or

                    (ii)     pardoned or otherwise granted relief on the basis of actual innocence with respect to that offense, if the applicable pardon or court order clearly indicates on its face that the pardon or order was granted or rendered on the basis of the person's actual innocence; or

       (2)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community

supervision under Chapter 42A for the offense, . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a).

In other words, to obtain an expunction under the facts of this case, G.H. was required to testify or present evidence to prove she was either acquitted by the trial court, convicted and subsequently pardoned, or the arresting charge did not result in a final conviction. *See id*.; *Ex parte E.H.*, 602 S.W.3d at 489; *Ex parte Vega*, 510 S.W.3d 544, 549 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

At the hearing, G.H. answered affirmatively when asked whether "all the things that [she] said in that petition [were] true" and presented no additional testimony. The petition, however, did not specify the provision under which G.H. sought expunction. Moreover, the record reflects that G.H. was arrested and convicted of the offense for which she was arrested, and no evidence indicates that she was pardoned or otherwise shows G.H. is eligible for an expunction. *See Ex parte E.H.*, 602 S.W.3d at 489; *Ex parte Vega*, 510 S.W.3d at 549; *see also Ex parte De La Garza*, No. 13-16-00522-CV, 2018 WL 1417450, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2018, no pet.) (mem. op.) (finding that, where the petitioner pleaded guilty to a lesser included offense of the arresting charge and was not acquitted or pardoned, the charge resulted in a final conviction, rendering the petitioner's records ineligible for expunction); *Ex parte Davila*, No. 13-15-00202-CV, 2016 WL 872997, at *6 (Tex. App.—Corpus Christi–Edinburg Feb. 18, 2016, no pet.) (mem. op.) ("In this case, Davila pleaded guilty to unlawful restraint, a charge that resulted from the arrest at issue. It would be inconsistent with the Legislature's purpose in enacting the expunction statute to permit expunction of records of Davila's arrest . . . ").

G.H. failed to produce evidence of expunction eligibility as required under article 55.01. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. Thus, the evidence is legally

5

insufficient to support the court's order, and the trial court abused its discretion in granting the expunction of G.H.'s arrest. *See id*.; *Ex parte E.H.*, 602 S.W.3d at 489. We sustain the Department's sole issue.

### III. CONCLUSION

We reverse the trial court's order granting G.H.'s expunction and render judgment denying G.H.'s petition for expunction.

GREGORY T. PERKES
Justice

Delivered and filed the
3rd day of December, 2020.