**AFFIRMED and Opinion Filed October 21, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-00518-CV**

_____

**EX PARTE N.R.L.**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-01453-2020**

## OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

This is an appeal from the trial court's order of expunction in favor of appellee

N.R.L., who was tried and acquitted of driving while intoxicated (DWI), which the

State had alleged was enhanced due to a prior DWI conviction. In two issues, the

Texas Department of Public Safety (the Department) contends that (1) N.R.L. was

not entitled to expunction because his acquittal arose out of the same "criminal

episode" as the prior DWI for which he was convicted and (2) the trial court's order

of expunction is not supported by legally sufficient evidence. We affirm.

## BACKGROUND

In 2007, N.R.L. was arrested and charged with driving while intoxicated, a

class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04. He was tried in County

Criminal Court at Law No. 6 of Dallas County, and the jury found him guilty. He was sentenced to ten days' confinement and fined $1,000. In November 2018, N.R.L. was again arrested and charged with DWI. *See id.* As this was N.R.L.'s second DWI arrest, the State alleged enhancement under Section 49.04 of the Penal Code. *See id.* § 49.04(a) (providing that a second DWI offense is a class A misdemeanor). N.R.L. was tried in County Court at Law No. 2 of Collin County, and, on March 5, 2020, the jury found him not guilty. The judgment advised N.R.L. of his right to an expunction.[1]

On March 9, 2020, N.R.L. filed a petition for expunction in the 296th Judicial District Court of Collin County. On March 14, 2020, the Collin County District Attorney's office emailed N.R.L.'s counsel advising that his office reviewed and agreed with the petition for expunction, had signed the order, and provided that the order could then be presented to the court for signature. The trial court granted the petition and entered its March 17, 2020, order of expunction.

On April 1, 2020, the Department filed an unverified motion for new trial. In the motion, the Department explained that it was "served with a Petition for Expunction on March 9, 2020, but not notified of a hearing on this case." The

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 1 ("At the request of the acquitted person and after notice to the state, the trial court presiding over the case in which the person was acquitted, if the trial court is a district court, a justice court, or a municipal court of record, or a district court in the county in which the trial court is located shall enter an order of expunction for a person entitled to expunction under Article 55.01(a)(1)(A) not later than the 30th day after the date of the acquittal. On acquittal, the trial court shall advise the acquitted person of the right to expunction.").

Department urged the trial court to set aside its order of expunction on grounds that N.R.L. failed to meet his burden to negate the statutory exception under Article 55.01(c) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(c) ("A court may not order the expunction of records . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode."). After a hearing, the trial court denied the motion for new trial. This appeal followed.[2]

## DISCUSSION

### A. Applicable Law

There is no constitutional right to expunction. *Ex parte K.T.*, 645 S.W.3d 198, 202 (Tex. 2022). Rather, "[e]xpunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021). An order of expunction allows the arrestee to "'deny the occurrence of

---

[2] In its notice of appeal and docketing statement, the Department used N.R.L.'s full name when identifying the parties. That led to N.R.L.'s full name appearing in the case style of this case, an error which cascaded to every subsequent filing in this case. On our own motion, we removed all filings from the Court's public website. The purpose of Article 55.01 is "to permit the expunction of records of wrongful arrests." *See Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). That purpose is defeated when a publicly available appellate record forever ties the expunction petitioner to the arrest. We recognize that an expunction does not go into effect until "the order of expunction is final." *See* TEX. CODE CRIM. PROC. ANN. art. 55.03. Nevertheless, we conclude that an order of expunction enjoys a presumption of finality during the pendency of an appeal for the purpose of filings accessible to the public. *See* TEX. R. APP. P. 9.10(g) ("Materials that are required by statute to be . . . kept confidential . . . must be treated in accordance with the pertinent statutes and shall not be publicly available on the internet."); *see also Ex parte K.T.*, 645 S.W.3d 198 (Tex. 2022) (consolidating and affirming *Ex parte Ferris*, 613 S.W.3d 276, 280 (Tex. App.—Dallas 2020), and *Ex parte K.T.*, 612 S.W.3d 111, 113 (Tex. App.—Fort Worth 2020), but referring to *Ex parte Ferris* as "*Ex parte C.F.*"). While the expunction statute does not expressly require this protection, we are of the opinion that, if an order granting an expunction has been entered by the trial court, all filings in this Court are to be made using the petitioner's initials.

–3–

the arrest and [deny] the existence of the expunction order [except in a criminal proceeding]' and prohibits governmental and private entities named in the order from releasing, maintaining, disseminating, or using the expunged records and files 'for any purpose.'" *See id.* (citing TEX. CODE CRIM. PROC. ANN. art. 55.03). Because expunction is a privilege defined by statute and not a constitutional or common law right, "the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts." *Id.*

Under Article 55.01(a) of the Code of Criminal Procedure, an arrestee is entitled to have all records and files relating to the arrest expunged if, among other grounds, "the person is tried for the offense for which the person was arrested and is acquitted by the trial court, except as provided by Subsection (c)." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A) (internal punctuation omitted).[3] The exception to this entitlement is found in Article 55.01(c), which provides:

---

[3] Our review of Article 55.02, its legislative history, and applicable jurisprudence has brought into strong relief the parties' understandable conflation of two separate procedures for post-acquittal expunction requests. *Compare* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 1 (procedures for "a person entitled to expunction under Article 55.01(a)(1)(A)" only) *with id.* § 2 (procedures for "[a] person who is entitled to expunction of records and files under Article 55.01(a)(1)(A), 55.01(a)(1)(B)(i), 55.01(a)(1)(C), or 55.01(a)(2) or a person who is eligible for expunction of records and files under Article 55.01(b)"). Section 1 neither mandates nor precludes a hearing but requires the court to "enter an order of expunction . . . not later than the 30th day after the date of acquittal." *See id.* § 1. Conversely, Section 2 requires a hearing, which must occur "no *sooner* than thirty days from the filing of the petition." *See id.* § 2(c) (emphasis added). Another distinction is who is entitled to notice and when. Under both sections, the petitioner must provide the trial court a list of all third parties who will be affected by, or subject to, the expunction order (e.g., state law enforcement agencies, courts, prosecuting attorneys, jails, federal depositories of criminal records, and private entities that disseminate criminal history records). *See id.* §§ 1, 2(b). But under Section 1, only the acquitted party and the State are entitled to notice before the court enters its order of expunction, whereas under Section 2, all affected persons and entities are entitled to notice before the hearing. *See id.* §§ 1, 2(c).

A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(c). "[C]ourts cannot apply the exception without confirming that, under the Penal Code's definition, a 'criminal episode' has been formed in the first place."

*K.T.*, 645 S.W.3d at 202. Under Section 3.01 of the Penal Code, a "criminal episode" is defined as:

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01.

---

Here, it appears that N.R.L. initially filed his petition under Section 2, as he asked the trial court to provide notice to all affected entities and requested a hearing "thirty days after the filing of this Petition." In its order, the trial court stated that all such entities "have been served with a copy of the petition as required by law," similarly invoking Section 2's procedures. However, there is no indication that the trial court held a hearing, and the record reflects that the order of expunction was entered on March 17, 2020, less than thirty days after N.R.L. was acquitted (and less than thirty days after the affected third parties were sent notice of the petition). Thus, it appears that the trial court's expunction order was entered pursuant to Section 1, possibly because the State agreed to the order.

This procedural convergence of the expedited expunction proceeding under Section 1 and the general expunction process under Section 2 might well be subject to a challenge on appeal. *See Ex parte Rumbaugh*, No. 05-20-00237-CV, 2021 WL 1808610, at *2 (Tex. App.—Dallas May 6, 2021, no pet.) (mem. op.) ("The procedures listed in article 55.02 are mandatory. If the record does not indicate that an affected agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside."). However, because the Department does not raise the issue, we will not address it, other than to make note of N.R.L.'s entitlement to proceed under Section 1.

## B.     Standard of Review

In its first issue, the Department argues that the trial court abused its discretion in granting the petition for expunction. In its second issue, the Department argues that the evidence was legally insufficient to support the trial court's order.[4]

We review a trial court's expunction order for abuse of discretion. *Ex parte Ferris*, 613 S.W.3d 276, 280 (Tex. App.—Dallas 2020) (citing *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018)). Under that standard, we afford no deference to the trial court's legal determinations because a trial court has no discretion in deciding what the law is or in applying it to the facts. *Id.* Thus, we review a trial court's legal conclusions de novo. *Id.* "However, when we consider factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court." *Id.*

Our review for legal sufficiency differs depending on which party had the burden of proof at trial. "When a party challenges the legal sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof, the party must demonstrate that no evidence supports the finding." *Tex. Champps*

---

[4] Ordinarily, when a trial court's ruling is reviewable for abuse of discretion, sufficiency of the evidence is not an independent ground for reversal, but rather a relevant factor in determining whether the trial court abused its discretion. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). In prior cases, however, we have addressed the legal sufficiency of the evidence supporting the expunction order as a separate question from whether the trial court abused its discretion in entering the order. *See, e.g.*, *Ferris*, 613 S.W.3d at 284 (citing *Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *6 (Tex. App.—Dallas Aug. 28, 2017, pet. denied) (mem. op.) (applying legal-sufficiency standard to trial court's findings of fact following a bench trial)). As in *Ferris*, the parties here have briefed the issues separately, and we will therefore address them independently.

*Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 744 (Tex. App.—Dallas 2022, pet. denied) (citing *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014)). "When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show that the evidence establishes all vital facts in support of the issue as a matter of law." *Id.* (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001)).

The Department contends that N.R.L. had the burden to plead and prove each statutory requirement for an expunction. That is, the Department contends that N.R.L. had to establish not only that he was arrested and acquitted of the second DWI, but also that N.R.L. had to *negate* the exception under Article 55.01(c). At the time the Department filed its brief, this allocation of the burden of proof found support in a number of opinions from courts across the State, including this one. In *Ferris*, for example, the Department appealed from the trial court's order granting Ferris's expunction. *See Ferris*, 613 S.W.3d at 279. In addressing the Department's sufficiency challenge to the trial court's finding under Article 55.01(c), we explained: "The Department, as the party challenging the legal sufficiency of the evidence on a matter *for which it did not bear the burden of proof*, 'must demonstrate on appeal there is no evidence to support the trial court's adverse findings.'" *Id.*

(emphasis added). In other words, we implicitly held that the burden to negate the exception rested with the expunction petitioner.[5]

After the parties submitted their briefs in this case, the Texas Supreme Court issued its opinions in *R.P.G.P.* and *K.T.*, which foreclose the Department's burden-placement argument. In *R.P.G.P.*, the majority, responding in dicta to the dissenting opinion, implied that the burden rests with the State to prove the exception:

> The dissent also summarily asserts that R.P.G.P. would bear the burden of proving that the two offenses are not part of the same criminal episode. Because the criminal-episode exception applies only to acquittals, we need not decide who bears the burden of proving the exception's applicability. We note, however, that the party seeking the benefit of a statutory exception generally bears the burden of proving it.

*R.P.G.P.*, 623 S.W.3d at 321 n.51 (citing *Fed. Trade Comm'n v. Morton Salt Co.*, 334 U.S. 37, 44–45 (1948); *Eckman v. Centennial Sav. Bank*, 784 S.W.2d 672, 674–75 (Tex. 1990); *Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex. 1972)). A year later, the Court issued its opinion in *K.T.*, in which the applicability of the Article 55.01(c) exception was in direct dispute. *See K.T.*, 645 S.W.3d at 202. Without reference to dicta from *R.P.G.P.*, the Court explained:

> When the State invokes the statutory exception to block access to expunction for someone who has been acquitted of an offense, these statutory provisions require *the State* first to establish that a "criminal

---

[5] Other courts have similarly placed the burden to negate the Article 55.01(c) exception on the expunction petitioner. *See In re J.B.*, 564 S.W.3d 436, 440 (Tex. App.—El Paso 2016, no pet.) ("A petitioner's burden includes establishing that subsection (c) does not apply."), *overruled on other grounds by K.T.*, 645 S.W.3d at 206 n.10; *see also In re J.D.R.*, 649 S.W.3d 449, 454 (Tex. App.—Houston [1st Dist.] Feb. 24, 2022, no pet.), *overruled on other grounds* by *K.T.*, 645 S.W.3d at 206 n.10.

episode" has in fact been formed. If so, *the State* must show that the acquittal at issue "arose out of" that "criminal episode."

*Id.* (emphasis added). "To block the expunction of respondents' arrest records, *the State must show* the 'commission' of at least two offenses to establish a criminal episode." *Id*. at 206 (emphasis added).

Under *K.T.*, then, the party seeking expunction under Article 55.01(a)(1)(A) bears the initial burden to show that he or she was tried and acquitted "for the offense for which [he or she] was arrested." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A). The burden then shifts to the governmental agency seeking to block the expunction to prove that the Article 55.01(c) exception applies. *See id.* art. 55.01(c); *K.T.*, 645 S.W.3d at 202, 206. To the extent opinions of this Court or other courts have placed the burden of proving the Article 55.01(c) exception on the expunction petitioner, we conclude that such opinions have been abrogated on that point by the Texas Supreme Court.

Here, the Department bore the burden of proving the exception. On appeal, therefore, the Department "must show that the evidence establishes all vital facts in support of the [Article 55.01(c) exception] as a matter of law." *See Tex. Champps Americana*, 643 S.W.3d at 744.

## C. Application of Law to Facts

The Department's first issue is one of statutory construction. The Department argues that the trial court abused its discretion in granting the expunction petition because its interpretation of Article 55.01(c) is "in conflict with [the statute's] text,

–9–

structure, and purpose, as well as prior holdings of other Texas courts." Specifically, the Department argues that N.L.R.'s 2012 DWI conviction and 2018 DWI arrest arose out of the same "criminal episode" because they constituted the "commission of two or more offenses" that were "the repeated commission of the same or similar offenses." *See* TEX. PENAL CODE ANN. § 3.01(2). N.L.R. argues that the statutory definition does not apply because when a person is acquitted, the person cannot be said to have "committed" the offense.

In *Ferris*, this Court, sitting *en banc*, construed the definition of "criminal episode" in the context of the remaining provisions in Chapter 3 of the Penal Code. *See Ferris*, 613 S.W.3d at 281–84. After construing the statutory provisions as a "cohesive, contextual whole," *see id.* at 282 (citing *T.S.N.*, 547 S.W.3d at 620), this Court concluded that a 2014 DWI charge that resulted in conviction and a 2018 DWI charge that resulted in acquittal did not constitute a "criminal episode" because "they could not be consolidated or joined for trial or sentencing under Penal Code §§ 3.02–3.03." *See id.* at 284. On the Department's petition for discretionary review, the supreme court consolidated *Ferris* with *Ex parte K.T.*, in which our sister court reached the same conclusion but under a different rationale. *See Ex parte K.T.*, 612 S.W.3d 111, 121 (Tex. App.—Fort Worth 2020) (concluding that an offense that results in acquittal cannot have been "committed" as required by Section 3.01 of the Penal Code), *aff'd*, 645 S.W.3d 198 (Tex. 2022). In its opinion affirming *Ferris* and

*K.T.*, the supreme court began its analysis by describing the Department's burden under Article 55.01(c):

> The State must make two separate showings to block respondents' requested expunctions. First, to reach the minimum "commission of two . . . offenses" required for a criminal episode to exist, the State must establish that each respondent's second DWI arrest qualifies as the "commission" of that offense, despite the resulting acquittals. Second, the State must show that each respondent's prior conviction and later arrest were part of a common "criminal episode"—specifically, that two arrests for DWI are necessarily part of the same criminal episode even when the underlying events have no other relation to each other.

*K.T.*, 645 S.W.3d at 201. The Court then went on to adopt the Fort Worth court's rationale and held that, as a matter of law, "an acquittal cannot qualify as the 'commission' of the offense." *See id.* When there is only one commission of an offense, the Court explained, "there can be no 'criminal episode.'"[6] *Id.*

Following *K.T.*, we conclude that an acquittal on a charged offense cannot constitute the "commission" of the charged offense to establish the requisite criminal episode for purposes of Article 55.01(c). *See id.* We overrule the Department's first issue.

Turning to the second issue, we must determine whether the Department, as the party challenging an adverse finding on an issue on which it bore the burden of

---

[6] Because the answer to the first question disposed of the cases before it, the supreme court left open the second question—whether, assuming the second offense has not resulted in an acquittal, two similar offenses separated by more than three years and bearing no relation to each other can constitute a criminal episode. *See id.* The Court also "recognize[d] that the Fifth Court, sitting en banc in [*Ferris*] relied on this ground, which remains the law in that appellate district." *See id.* at 208. Although other appellate courts have come to different conclusions, the Court determined that it was "more prudent to await another case that presents the issue." *See id.*

proof, conclusively established all vital facts in support of the Article 55.01(c) exception. *See Tex. Champps Americana*, 643 S.W.3d at 744. The Department failed to meet this burden because its motion for new trial was unverified and therefore "provide[d] no competent evidence of th[e] facts" alleged therein. *See Ex parte T.P.R.*, No. 05-20-00607-CV, 2022 WL 2914026, at *2 (Tex. App.—Dallas July 25, 2022, no pet.) (mem. op.); *see also In re J.A.L.*, 630 S.W.3d 249, 253 (Tex. App.—El Paso 2020, no pet.) ("Because new evidence was necessary to support the Department's argument that J.A.L. failed to qualify under the statutory requirements of the expunction statute, the Department had an obligation to notify the trial court of its purported error in granting J.A.L.'s motion for expunction by filing a verified motion for new trial and seeking a ruling of that motion.") (citing TEX. R. CIV. P. 324(b)(1)). Even if the motion for new trial were verified, however, we would reach the same conclusion. Attached to the motion were records from N.L.R.'s 2012 DWI conviction. The records show that the jury found N.L.R. guilty and the trial court sentenced him to ten days' confinement and imposed a fine in the amount of $1,000. The Department also attached records from N.R.L.'s 2020 DWI trial. Those records reflect that the jury found N.L.R. not guilty and the trial court entered a judgment of acquittal. In light of our conclusion that an offense resulting in acquittal cannot constitute part of a criminal episode, we conclude that the Department failed to establish all vital facts in support of the Article 55.01(c) exception.

Additionally, because we conclude the burden to *prove* the exception was on the Department, we reject the Department's alternative argument that we should reverse based on N.R.L.'s failure to *plead* that he met the statutory elements of Article 55.01(c). To the extent that Article 55.01(c) imposes a pleading burden on any party, a question we do not decide, that burden would fall on the party invoking it. *See R.P.G.P.*, 623 S.W.3d at 321 n.51; *see also, e.g.*, *Eckman*, 784 S.W.2d at 674–75 (holding the defendant has the burden to plead and prove, "as an affirmative defense," the applicability of a statutory exception to "business consumer" status with respect to a DTPA claim).

We overrule the Department's second issue.

## CONCLUSION

Having overruled the Department's issues, we affirm the trial court's order of expunction.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200518F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE N.R.L.

No. 05-20-00518-CV

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-01453-2020.
Opinion delivered by Justice Goldstein. Justices Pedersen, III and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee N.R.L. recover his costs of this appeal from appellant Texas Department of Public Safety.

Judgment entered October 21, 2022.