# Court of Appeals
## Tenth Appellate District of Texas

10-24-00060-CV

Ex parte N.T.W.

On appeal from the
272nd District Court of Brazos County, Texas
Judge John L. Brick, presiding
Trial Court Cause No. 23-001095-CV-272

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

N.T.W. appeals the portion of the trial court's order denying the expunction of his Evading Arrest or Detention prosecution records. N.T.W. argues that former article 55.01(a)(2)(A) and (B) provide alternative paths for misdemeanor expunction under the offense-based Texas expunction scheme and that under article 55.01(a)(2)(B), N.T.W. is entitled to expunction. We agree. Because we find that N.T.W. met all statutory requirements under article 55.01(a)(2)(B), we reverse and render judgment that N.T.W. is entitled to expunction for the offense of Evading Arrest or Detention.

## Background

On January 19, 2016, N.T.W. was arrested in Brazos County for Evading Arrest or Detention. The Brazos County Attorney's Office filed a formal information and complaint, alleging that N.T.W. committed a Class A misdemeanor offense of Evading Arrest or Detention. Pursuant to a plea negotiation in which N.T.W. pleaded guilty to the Class C misdemeanor offense of Disorderly Conduct, the Brazos County Attorney's Office dismissed the Evading Arrest charge on June 30, 2016.

N.T.W. was then placed on 180 days deferred disposition for the related Disorderly Conduct offense. After N.T.W. successfully completed his deferred disposition, the Brazos County Attorney's Office subsequently dismissed the Disorderly Conduct charge on December 26, 2016.

On April 9, 2023, N.T.W. filed a Petition seeking to expunge the records of the dismissed Evading Arrest or Detention prosecution and the related completed Disorderly Conduct deferred adjudication. The Trial Court issued a written Order Partially Granting Petition for Expunction, granting the request to expunge the Disorderly Conduct charge but denying the expunction on the Evading Arrest charge on the grounds that article 55.01(a)(2)(A)(ii) precludes expunction for a case where an indictment or

information has been filed, and the Petitioner does not meet the criteria listed in that section.

On December 29, 2023, N.T.W. filed a Motion for New Trial, which was denied on February 6, 2024. N.T.W appealed the portion of the Order denying the expunction Petition as to the Evading Arrest or Detention prosecution request.

## Standard of Review and Applicable Law

A trial court's ruling on a petition for expunction is reviewed for abuse of discretion, but the meaning of a statute is a question of law reviewed *de novo*. *Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021). Here, the trial court's ruling on N.T.W.'s expunction request hinged on a question of law because it required an interpretation of article 55.01; therefore, we review the ruling *de novo*. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (stating that statutory construction is a question of law).

Article 55.01 of the Texas Code of Criminal Procedure sets forth the requirements for the expunction of criminal records. A person is only entitled to expunction if all statutory requirements have been satisfied. *Tex. Dep't of Pub. Safety v. J.H.J.,* 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Because expunction is a "privilege defined by the Legislature,"

the statutory requirements are "mandatory and exclusive and cannot be equitably expanded by the courts." *Ex parte R.P.G.P.*, 623 S.W.3d at 316. As applicable to this case, article 55.01(a)(2) states:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
…
(2) **the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision** under Chapter 42A for the offense, unless the offense is a Class C misdemeanor**, provided that**:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
…
(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:
…
(d) the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; or

(e) the indictment or information was void; **or**

(B) **prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.**

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (emphasis added).

Statutes are analyzed "'as a cohesive, contextual whole' with the goal of effectuating the Legislature's intent," and reading the plain language of the statute "in context, not isolation." *Ex parte R.P.G.P.*, 623 S.W.3d at 317 (citing *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018)); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015). Courts should not interpret statutes in a manner that renders any portion superfluous or meaningless. *Crosstex Energy Servs.*, L.P. v. Pro Plus, Inc., 430 S.W.3d 384, 390 (Tex. 2014) (quoting *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008)).

## Analysis

In his sole issue, N.T.W. asserts that former article 55.01(a)(2)(A) and (B) provide alternative paths for misdemeanor expunction under the offense-based Texas expunction scheme. N.T.W. argues that he is entitled to expunction because he satisfies the requirements of 55.01(a)(2)(B). The State argues that because an information was filed charging N.T.W. with Evading Arrest, and he does not meet the requirements of 55.01(a)(2)(A), N.T.W. is not entitled to an expunction of his Evading Arrest charge.

The State's interpretation is at odds with the plain language of article 55.01(a)(2), which divides (a)(2)(A) and (B) with the word "or." *See* TEX. CODE

CRIM. PROC. ANN. art. 55.01(a)(2). Had the Legislature intended to require that a person seeking expunction satisfy both (A) and (B), it could have instead joined the subsections using "and." Therefore, in construing the statute consistent with the plain meaning of its language, we find that a person who has been arrested is entitled to expunction relating to the arrest under 55.01(a)(2)(B) if: (1) the person has been released; (2) the charge has not resulted in a final conviction and is no longer pending; (3) there was no court-ordered community supervision for the offense, and (4) prosecution for the evading arrest charge is no longer possible because the statute of limitations period has expired. *Ex parte N.B.J.*, 552 S.W.3d 376, 380 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

An information has been presented in this case, so the State contends that N.T.W. must satisfy one of the statutory requirements set forth beneath (a)(2)(A)(ii). However, proper statutory interpretation requires that we read subsections (A) and (B) as separate and alternative pathways to expunction because they are separated by the word "or." Although (A)(ii) is applicable when an information has been presented following the arrest, nothing within the statute indicates that (A)(ii) must apply when an information has been presented. The Legislature included (B) as a path to expunction regardless of

whether an information was presented, giving N.T.W. a route to expunction independent of (A)(i) and (ii).  *See* TEX. CODE CRIM. PROC. art. 55.01(a)(2).

The State argues that N.T.W.'s interpretation is inconsistent with Legislative intent.  Considering the recent non-substantive changes to the relevant statute, we disagree.  The Legislature rewrote 55.01(a)(2)(B) as a standalone article reading: "A person to whom this subchapter applies is entitled to have all records and files relating to the arrest expunged if prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired."  TEX. CODE CRIM. PRO. ANN. art. 55A.054.  Reading 55A.054 in conjunction with 55A.051, which lists the expunction prerequisites formerly within 55.01(a)(2), indicates the Legislature intended former article 55.01(a)(2)(B) as an alternative pathway to expunction, distinct from (a)(2)(A).

The Texas Supreme Court recently revisited the offense-based versus arrest-based entitlement to expunction under article 55.01(a)(2).  *Ex parte R.P.G.P.*, 623 S.W.3d at 325.  After analyzing the statutory language of article 55.01(a)(2)(A), the Supreme Court concluded that misdemeanor offenses are eligible for expunction on an individual basis. *Id.* at 315. The Court also found that the prerequisites to expunction in article 55.01(a)(2) are offense-based. *Id.* at 323.  ("The alteration from 'any' to 'the' indicates the

Legislature's intent to change, or at least clarify, that arrests are tied to single offenses for the purpose of satisfying the requirements in (a)(2).").

Following the offense-based approach, Texas appellate courts considering expunctions under 55.01(a)(2)(B) have treated it as separate and distinct from the requirements of (a)(2)(A), granting expunction requests when the petitioner has satisfied the prerequisites of (a)(2) and the applicable statute of limitations had expired. *Ex parte R.J.F.*, 640 S.W.3d 365, 370 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *Ex parte N.B.J.*, 552 S.W.3d at 380. *See Ex parte E.A.*, No. 02-23-00231-CV, 2024 WL 482871, at *2 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op.).

The record reflects that N.T.W. has been released, his Evading Arrest charge has not resulted in a final conviction and is no longer pending, there was no court-ordered community supervision for the offense, and the applicable statute of limitations has expired. N.T.W. thus satisfies all the requirements under 55.01(a)(2)(B) and is therefore entitled to an expunction of his Evading Arrest charge.

## Conclusion

We find that former article 55.01(a)(2)(A) and (B) provide alternative paths for misdemeanor expunction under the offense-based Texas expunction scheme, and under article 55.01(a)(2)(B), N.T.W. is entitled to expunction.

We reverse and render judgment that N.T.W. is entitled to expunction for the offense of Evading Arrest or Detention regarding the portion of the trial court's order denying the expunction on the Evading Arrest charge.

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  May 7, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Reversed and rendered
CV06

